No. 121,081

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEREMY MICHAEL DUNHAM,
*Appellant*.

SYLLABUS BY THE COURT

1.

Even when the language of a statute is clear, an ambiguity can arise when the language conflicts with other statutes. In these situations, text alone is only the beginning. Context is necessary to give a more precise meaning.

2.

When faced with statutes that appear to conflict, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible.

3.

When multiple sentences in different cases are imposed on the same day, a judge has the discretion to impose concurrent or consecutive sentences regardless of the mandatory provisions of K.S.A. 2019 Supp. 21-6606(c), (d), and (e).

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed July 31, 2020. Affirmed in part, vacated in part, and remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

1

*Amy E. Norton*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., WARNER, J., and LAHEY, S.J.

ARNOLD-BURGER, C.J.:  Jeremy Michael Dunham pled guilty or no contest to drug crimes charged in five cases. The last three cases arose from conduct that occurred while he was on probation for the first two. The district court eventually revoked his probation and ran the sentences in his last three cases consecutive to the first and second cases and to each other. Dunham raises two issues:

> Did the district court err by concluding the law obligated it to run the sentences in two of his last three cases consecutively? Yes.

> Did the district court abuse its discretion by revoking his probation in the first two cases because drug treatment would better address his addiction? No.

## FACTUAL AND PROCEDURAL HISTORY

Jeremy Dunham pled guilty or no contest to drug charges in five cases. These will be referred to as Case 1 (16CR523), Case 2 (17CR231), Case 3 (18CR295), Case 4 (18CR 293), and Case 5 (19CR08). The last four cases are felonies.

Dunham received probation in his first two cases, but he committed additional crimes while on probation, leading to three more cases. He was on felony release status when he committed Cases 4 and 5. The district court, on the same day, revoked his probation in the first two cases and imposed prison sentences in his last three cases. The court ran the sentences in Cases 4 and 5 consecutive to each other and consecutive to Case 3, believing Kansas law required that result. Additional facts will be provided as necessary.

2

ANALYSIS

Dunham raises two issues on appeal. First, he asserts that the district court erred when sentencing him in three of his five cases because it believed it lacked discretion to impose the sentences concurrently. Second, he claims that the district court abused its discretion by revoking his probation on his first two cases because treatment would better address his addiction than imprisonment.

*The district court erred in finding that it had no discretion to impose Dunham's sentences in Cases 3, 4, and 5 concurrent to each other.*

Dunham argues that he received an illegal sentence because the district judge erroneously concluded that he was required by operation of law to run Dunham's sentences in Cases 4 and 5 consecutive to each other—or one after the other. Dunham does not dispute the court's decision to run the sentences in Cases 3, 4, and 5 consecutive to his sentences in Cases 1 and 2. He also does not challenge the decision to run the two counts in Case 3 consecutive to each other. And finally, the parties agree that Dunham was on felony release (bond) when he committed the offenses in Cases 4 and 5.

By running the cases consecutively, the district court imposed a 91-month prison sentence. But as Dunham points out, the court's last order of consecutive sentences for Cases 3, 4, and 5 was not without confusion.

The district judge initially ordered Cases 3 and 4 to run consecutively to each other. Defense counsel then argued the district judge was not required to run Cases 3 and 4 consecutive, and the district judge agreed, ordering those cases to run concurrently to each other and consecutive to everything else. He then changed course when the prosecutor advised him that by operation of law Cases 3 and 4 were consecutive to each

3

other. If the sentences in Cases 3 and 4 were served concurrently—or at the same time—Dunham would have received a total sentence of 71 months in prison.

The court also ordered Case 5 to run consecutive to Cases 3 and 4. Although Dunham did not challenge that before the district court, on appeal, he challenges that order for the same reason—that the court was not required by law to order he serve the sentences consecutive to each other. If Case 5 was also ordered to run concurrently, his total sentence would be 51 months. To determine if Dunham is correct, we need to examine the law related to concurrent and consecutive sentencing in felony cases such as this.

*We examine the interpretation of statutory language de novo.*

The interpretation of statutes is a question of law over which appellate courts exercise unlimited review. *State v. Warren*, 307 Kan. 609, 612, 412 P.3d 993 (2018); *State v. Keel*, 302 Kan. 560, Syl. ¶ 4, 357 P.3d 251 (2015). Courts attempt to effectuate the Legislature's intent when interpreting statutes. 302 Kan. 560, Syl. ¶ 5. Courts begin this search for intent by looking at the plain meaning of the statute, giving common words their ordinary meanings. 302 Kan. 560, Syl. ¶ 6. If a statute is plain and unambiguous, courts need not resort to judicial canons of construction; the inquiry ends. 302 Kan. 560, Syl. ¶ 6.

But even when the language of a statute is clear, an ambiguity can arise when the language conflicts with other statutes. In these situations, text alone is only the beginning. Context is necessary to give more precise meaning. So we apply the canons of statutory construction, legislative history, and context to determine legislative intent. Rather than isolating a particular provision, we must examine the statutory scheme, considering "various provisions of an act in pari materia with a view to reconciling and bringing the provisions into workable harmony, if possible." *State v. Coman*, 294 Kan. 84, 93, 273

4

P.3d 701 (2012); *State v. Cole*, 238 Kan. 370, Syl. ¶ 1, 710 P.2d 25 (1985) ("To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious and sensible.").

*We examine the statutes and caselaw related to concurrent and consecutive sentences.*

In 1964, the Kansas Legislature adopted the common-law rule that if two sentences are imposed at the same time, they run concurrently unless the court expressly states that they are to be served consecutively. See *Beck v. Fetters*, 137 Kan. 750, 751-52, 22 P.2d 479 (1933) (setting out the common-law rule); see also *State v. Quested*, 302 Kan. 262, 352 P.3d 553 (2015) (providing a historical summary of Kansas sentencing laws, federal sentencing laws, and the common law). In other words, judges had complete discretion to order sentences to be served concurrently or consecutively in all cases, with the default being concurrent. L. 1963, ch. 306, § 1.

But significant changes were made to the statute in 1982. The changes and the reasons for them were set out by the Supreme Court in *State v. Reed*, 237 Kan. 685, 687-88, 703 P.2d 756 (1985). The amendments set out situations in which consecutive sentences would be required. The sole issue in *Reed* was whether mandatory consecutive sentences were required under one of these new provisions, K.S.A. 1984 Supp. 21-4608(4). The new subsection provided that when a person commits a new offense while released on bond, the sentence on the new offense must run consecutive to the offense for which the defendant was on bond. Because Reed committed two felonies after having been released on bond pending trial in another case, the district court held that consecutive sentences were mandatory, and the Supreme Court agreed.

"It should be noted that under the pre-1982 statute, the imposition of concurrent or consecutive sentences in all criminal cases was placed within the sound discretion of

5

the trial court, and mandatory consecutive sentences were not required in any case. In 1982, there was a great deal of public concern because felonies were being committed by persons who had previously been charged with a felony while they were released on bond in a prior felony case. The legislature at the 1982 session enacted what is now K.S.A. 1984 Supp. 21-4608 to require mandatory consecutive sentences in certain cases. 21-4608(2) was amended so as to be applicable only to misdemeanors. Thus, in misdemeanor cases the imposition of concurrent or consecutive sentences remained within the sound discretion of the trial court.

"The 1982 legislature added what are now sections (3), (4), and (5) of K.S.A. 1984 Supp. 21-4608 which provide as follows:

'(3) Any person who is convicted and sentenced for a crime committed while on probation, parole or conditional release for a felony shall serve the sentence consecutively to the term or terms under which the person was on probation or released.

'(4) Any person who is convicted and sentenced for a crime committed while on release for a felony pursuant to article 28 of chapter 22 of the Kansas Statutes Annotated shall serve the sentence consecutively to the term or terms under which the person was released.

'(5) Any person who is convicted and sentenced for a crime committed while such person is incarcerated and serving a sentence for a felony in any place of incarceration shall serve the sentence consecutively to the term or terms under which the person was incarcerated.'

"In order to determine the legislative intent, it is necessary to analyze carefully these sections. Section (3) requires consecutive sentences where a defendant is convicted and sentenced for a crime committed while on *parole, probation, or conditional release for a felony.*

"Section (4) requires consecutive sentences where a defendant is convicted and sentenced for a crime committed *while on release for a felony pursuant to article 28 of chapter 22 of the Kansas Statutes Annotated.* To interpret this section, we must consider

6

the provisions of article 28 of chapter 22 of the Kansas Statutes Annotated. K.S.A. 22-2801 *et seq.* covers release of persons charged with crime in three situations: (1) Release pending an appearance to answer charges; (2) release pending an appearance to testify; and (3) release pending appeal, when detention neither serves the ends of justice nor the public interest. That purpose is clearly set forth in K.S.A. 22-2801. K.S.A. 22-2802 governs release *prior to trial.* K.S.A. 22-2804 covers release after conviction, where a defendant is either awaiting sentence or has filed a notice of appeal.

"K.S.A. 1984 Supp. 21-4608(5) covers situations where a defendant is convicted and sentenced for a crime committed *while such person is incarcerated and serving a sentence for a felony in any place of incarceration.* The above analysis of sections (3), (4), and (5) is important, because it shows a clear legislative intent to cover the waterfront and to require consecutive sentences where a defendant commits a felony while released on bond in a prior felony case, whether at the beginning of the prosecution prior to trial or at the end of the trial or after the defendant has been sentenced or after defendant is placed on probation or parole or conditional release or while incarcerated." 237 Kan. at 687-88.

Although the court agreed that Section 4 was not as clear as it could be, the legislative intent was clear that consecutive sentences are required under any of the listed situations—pending appearance to answer charges, pending appearance to testify, and pending appeal. 237 Kan. at 690.

Eight years later, the Supreme Court was faced with the same issue in a slightly different context in *State v. Edwards*, 252 Kan. 860, 852 P.2d 98 (1993). Interpreting the same version of the statute as addressed in *Reed*, the Supreme Court discussed the issue of concurrent and consecutive sentences as they relate to a suspended sentence. 252 Kan. at 869-70; see K.S.A. 1992 Supp. 21-4608(3). Edwards was serving a suspended sentence for conspiring to possess cocaine when he was found guilty of second-degree murder. On the same day, his suspended sentence was revoked, he was resentenced on the conspiracy to possess cocaine charge, and he was also sentenced on the second-degree murder

7

charge. The district judge found that K.S.A. 1992 Supp. 21-4608(3) controlled and believed that consecutive sentences were mandatory. Edwards appealed, arguing that the court had the discretion to impose a concurrent sentence. The Supreme Court sided with Edwards.

The court focused on the first paragraph of the statute, K.S.A. 1992 Supp. 21-4608(1):

> "'(1) When separate sentences of imprisonment for different crimes are imposed on a defendant on the same date, including sentences for crimes for which suspended sentences, probation or assignment to a community correctional services program have been revoked, such sentences shall run concurrently or consecutively as the court directs. Whenever the record is silent as to the manner in which two or more sentences imposed at the same time shall be served, they shall be served concurrently, except as provided in subsections (3), (4) and (5).'" 252 Kan. at 868.

It interpreted the last sentence as follows:

> "The last sentence in K.S.A. 1992 Supp. 21-4608(1) which states 'except as provided in subsections (3), (4) and (5)' applies only when the record is silent as to whether the sentences are to run concurrently or consecutively. Here, the record is not silent as to how the sentences shall be served. The trial court stated the sentences herein would be consecutive to that of the cocaine sentence." 252 Kan. at 869.

But because the district judge believed he had no choice but to impose consecutive sentences by operation of K.S.A. 1992 Supp. 21-4608(3), the judge erred.

> "The legislature may well have intended to make consecutive sentencing mandatory under the circumstances herein, but the clear language of the statute does not so indicate. Under such circumstances there is no room for judicial construction. Subsection (1) is a specific statute applied when all involved sentences occur, as here, *on the same date* and take precedence over subsection (3) of said statute.

8

> "The trial court did not exercise discretion in determining under subsection (1) whether to impose the sentences concurrently or consecutively. Rather, the trial court imposed consecutive sentences on the basis such was mandatory under subsection (3). We conclude the sentences herein must be vacated and the case remanded for resentencing." 252 Kan. at 870.

The Supreme Court further explained its decision in *Edwards* five years later in *State v. Koehn*, 266 Kan. 10, 12, 966 P.2d 63 (1998).

Koehn was sentenced on a new case at the same time his probation was revoked on another case. The district court ran the sentence on the new case consecutive to the cases for which his probation was revoked, believing it was required to do so. Koehn argued on appeal that based upon *Edwards*, the court had the discretion to impose a concurrent or consecutive sentence under K.S.A. 21-4608(a).

The Supreme Court rejected Koehn's argument by distinguishing *Edwards*. It noted that K.S.A. 21-4608(a) applied in *Edwards* because he was sentenced on multiple cases on the same day. 266 Kan. at 12. Although his sentence on the first case was suspended, the court resentenced him on that charge. In Koehn's case, however, he was not subject to being sentenced to multiple cases on the same day. His probation was revoked on the same day, but the court simply ordered Koehn to serve a sentence that had already been imposed. No new sentence was imposed. So Koehn only had a sentence imposed on one case, not multiple cases. Accordingly, K.S.A. 21-4608(a) did not apply. Instead, K.S.A. 21-4608(c) independently required consecutive sentencing. 266 Kan. at 13. So, as the *Reed* court noted, "Section (3) [now (c)] requires consecutive sentences where a defendant is convicted and sentenced for a crime committed while on *parole, probation, or conditional release for a felony."* 237 Kan. at 688. The approach taken in *Koehn* was repeated several years later in *Love v. State*, 280 Kan. 553, 124 P.3d 32 (2005).

Love was sentenced for first-degree murder, which he committed while on parole for an earlier case. The judge made no mention of his parole at sentencing. Later, the judge entered a nunc pro tunc order requiring the murder sentence be served consecutive to the previous parole sentence. Love argued this was an illegal and harsher sentence than he had originally received. The Supreme Court disagreed and found that the court was required by statute, specifically K.S.A. 1996 Supp. 21-4603d, K.S.A. 21-4608(c), and K.S.A. 1996 Supp. 21-4720(a), to order the new sentence to run consecutively unless it made a finding of manifest injustice. 280 Kan. at 558-60.

*With the statutes and their context in mind, we apply the applicable statutes to the facts of this case.*

First, we accept the parties' agreement that Dunham committed the felonies in Cases 4 and 5 while on felony release. So the next question is whether he was sentenced to multiple distinct cases on the same day. He was.

Dunham had multiple sentences imposed on different cases on the same day. In the case of multiple sentences, *Edwards* guides our decision. *Edwards* informs us that the court has complete discretion under K.S.A. 1992 Supp. 21-4608(1) (now codified at K.S.A. 2019 Supp. 21-6606[a]) to run the sentences either consecutively or concurrently. That is, K.S.A. 2019 Supp. 21-6606(c), (d), and (e) play no role in multiple sentencing cases unless the sentencing court fails to address whether the multiple sentences run concurrently or consecutively. *Edwards*' interpretation of the previous version of K.S.A. 2019 Supp. 21-6606(a) thus allows a court flexibility—regardless of the sentence ordered in any individual case (such as consecutive prison terms included in the sentence for Case 3)—to run the sentences in multiple cases concurrently or consecutively as the court finds appropriate.

Because Dunham was sentenced for multiple crimes on the same day, the court erred in finding that it was *required* to run the sentences consecutively. See *State v. LaGrange*, 21 Kan. App. 2d 477, 484, 901 P.2d 44 (1995) (when a defendant is sentenced for separate crimes on the same date, the court has discretion to run the sentences concurrently or consecutively under K.S.A. 21-4608[1]); *State v. Owens*, 19 Kan. App. 2d 773, 774-77, 875 P.2d 1007 (1994) (holding, based on *Edwards*, the court was not required under 21-4608[1] to impose consecutive sentences when Owens was sentenced in multiple cases at the same time, irrespective of the mandatory language of K.S.A. 21-4608[4]). We note *Edwards* is still good law and we are duty bound to follow Supreme Court precedent unless there is some indication that the Kansas Supreme Court is departing from its previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). As in *Edwards*, this case must be remanded to allow the district court to exercise its discretion in determining whether Dunham's sentences in Cases 4 and 5 should run concurrently or consecutively with each other and with Case 3.

*We briefly consider and reject the State's arguments.*

We have rejected the State's arguments in support of the district court's finding that it was required to impose consecutive sentences for three reasons.

First, the State makes no mention of *Edwards*, *Koehn*, *LaGrange*, or *Owens* in its appellate brief. A party has a duty to show why their position is sound in spite of contrary authority. Failure to do so results in abandonment of the argument. See *State v. Berriozabal*, 291 Kan. 568, 594, 243 P.3d 352 (2010).

Second, the State puts all its eggs in the basket of *State v. Al-Bureni*, No. 119,274, 2019 WL 985979 (Kan. App.) (unpublished opinion), *rev. denied* 310 Kan. 1063 (2019). But one Kansas Court of Appeals panel is not bound by another panel's decision. See *State v. Fleming*, 308 Kan. 689, 706, 423 P.3d 506 (2018). Each panel conducts an

independent analysis of the issues presented and comes to its own conclusions. Moreover, pursuant to Supreme Court Rule 7.04(g)(2)(A) (2020 Kan. S. Ct. R. 45), an unpublished memorandum opinion is not binding precedent, except as may occur through the doctrines of law of the case, res judicata, or collateral estoppel.

Third, *Al-Bureni* is distinguishable from this case. First, *Al-Bureni* was a single sentence case. The State filed an interlocutory appeal in *Al-Bureni* after the district court ran the defendant's subsequent felony, which he committed while on release, concurrent to his original felony conviction. The Court of Appeals reversed, finding K.S.A. 2017 Supp. 21-6606(d) mandates consecutive sentences. 2019 WL 985979, at *5. Al-Bureni was sentenced only to his current crime of conviction. He had already been sentenced on the felony for which he was on release. So based on *Reed*, *Koehn*, and *Love*, the mandatory consecutive sentencing provision of K.S.A. 2017 Supp. 21-6606(d) would apply. But the panel was faced with a conflicting provision at K.S.A. 2017 Supp. 21-6604(f)(4), which provides that when a person commits a new felony while on release for a felony, "'a new sentence *may* be imposed consecutively pursuant to the provisions of K.S.A. 2017 Supp. 21-6606.'" *Al-Bureni*, 2019 WL 985979, at *3. That conflict does not arise in a multiple sentencing case, as *Edwards* directs that multiple sentencing cases are governed by K.S.A. 2019 Supp. 21-6606(a), not K.S.A. 2019 Supp. 21-6606(c), (d), or (e). So we do not reach the question considered by the panel in *Al-Bureni*. And we will leave our interpretation of K.S.A. 2019 Supp. 21-6604(f)(4) and its interaction with K.S.A. 2019 Supp. 21-6606(d) for another day in a single sentence case.

Accordingly, we vacate the district court's order running the sentences consecutively and remand for the court to use its discretion in deciding whether the sentences in Cases 4 and 5 should be consecutive to or concurrent with each other and to Case 3.

*The district court did not act unreasonably by revoking Dunham's probation.*

Dunham committed three felony drug crimes while on probation for two drug crimes, one misdemeanor and one felony. When sentencing him for the new crimes, the court revoked his probation on the older crimes and ordered him to serve the underlying sentences. He believes the court's decision was unreasonable.

A court may revoke probation if a person commits a new felony while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A). A probation violation must first be established by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Once sufficiently established, the decision to revoke lies within the court's discretion. 281 Kan. at 1170. We review a probation revocation for an abuse of discretion. Relevant here, a court abuses its discretion if no reasonable person would have taken the court's position. 281 Kan. at 1170.

Approximately six months after receiving probation in his first two cases, Dunham committed two more felony drug crimes. Several months after that, he committed yet another drug crime. He pled no contest and was found guilty of the new drug crimes. This established a violation of his probation by a preponderance of the evidence. So revoking Dunham's probation was within the court's discretion.

Dunham argues that the court abused its discretion; he contends that his need for drug treatment made the decision to impose a prison sentence unreasonable. He does not cite any law that commands this result. Instead, he relies on a law review article that notes incarceration makes future drug use more likely and treatment is more effective in stopping drug use and conserving resources. Given the detriments of imprisoning people with drug abuse problems, the district court should have given Dunham an intermediate sentence.

13

We begin by recognizing that Dunham's assertions are probably true, and strong policy considerations counseling against imprisoning nonviolent drug offenders certainly exist. K.S.A. 2019 Supp. 21-6601 reflects such a sentiment. But the district court's decision was not so unfounded that no reasonable person would support it. The court, while acknowledging Dunham's addiction issues, found he had not taken advantage of his probation opportunities; instead, he engaged in conduct resulting in convictions for drug crimes in three additional cases. The evidence supports that finding.

The district court had already imposed an intermediate sanction of 60 days when Dunham violated his probation in his first misdemeanor drug case—Case 1—by being charged with his second—this time felony—drug case—Case 2. Due to a desire to make sure he obtained the necessary treatment, the court granted Dunham's request for a dispositional departure to probation on Case 2. He obtained two new cases in short succession, each involving possession of methamphetamine—Cases 3 and 4. While those cases were pending sentencing, Dunham failed to appear in court, and he was subsequently arrested on a bench warrant and taken to jail, where it was discovered he had methamphetamine in his possession—resulting in his final drug case—Case 5.

At some point, a court must determine whether a person is amenable to treatment and probation. Whether that occurs after the first, third, or fifth violation, that discretion rests with the district court judge. And unless the district court has made a legal or factual error (which Dunham has not claimed here) we will set aside its discretionary decision only if no reasonable person could agree with it. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

We see nothing unreasonable here. The facts support the district court's conclusion that Dunham was no longer amenable to probation. Accordingly, we find no error in its decision to revoke his probation and order him to serve his remaining underlying sentences on his first two cases.

14

Affirmed in part. We vacate the sentences in Case 4 (18CR293) and Case 5 (19CR08) and remand for sentencing consistent with this opinion.

Affirmed in part, vacated in part, and remanded with directions.