NOT DESIGNATED FOR PUBLICATION

No. 126,683

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEROY T. NESBITT III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed July 12, 2024. Affirmed.

*Emily Brandt*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., ATCHESON and PICKERING, JJ.

PICKERING, J.:  Leroy T. Nesbitt III challenges the district court's decision to impose his underlying prison sentence after he admitted that he had violated his probation. Nesbitt contends that the court abused its discretion by not considering alternative sanctions before revoking his probation. Having reviewed the record, we find no error and affirm.

In February 2020, for crimes committed in July 2017, Nesbitt pled guilty to criminal possession of a weapon by a felon, a severity level 8 nonperson felony, and

1

possession of marijuana, a class B misdemeanor. See K.S.A. 2017 Supp. 21-5709(b)(2), (e)(3); K.S.A. 2017 Supp. 21-6304(a)(3)(A). The district court imposed a 17-month prison sentence for the weapon charge and a 6-month jail sentence for the marijuana charge but granted Nesbitt 18 months' probation.

In September 2021, a warrant was issued alleging that Nesbitt committed aggravated battery and violated curfew, thereby violating his probation terms. In February 2023, Nesbitt pled guilty to the new charge of aggravated battery. Nesbitt's plea included the agreement that he would not move the court to modify his underlying prison term in this case. The plea agreement also included a proposal for reinstating and extending Nesbitt's current probation and recommending probation in the new case. In other words, the plea agreement agreed to request probation for both cases.

A probation violation hearing was held in this case in light of Nesbitt's new conviction. During the hearing, the district court read the victim impact statement. In part, the victim stated:

> "'Letting Leroy continue on his current probation will be unjust, as that night will forever put a strain on my life. . . .
>
>     . . . .
>
> "'I was unaware of any plea deal negotiations on this case. I was just told that they would recommend probation, which he is already on. I see no justice in that, as he violently attacked, with rings on his fingers, and caused great harm.'"

Nesbitt told the district court that the victim's letter did not accurately recount the events that night. He claimed that the victim had threatened to go to his house and shoot it up before the physical altercation occurred. Nesbitt explained that he accepted responsibility for the aggravated battery because the victim threatened to harm his family and he wanted to protect them. Nesbitt highlighted his positive changes in his life to the court and requested that the district court uphold the plea agreement.

2

Following Nesbitt's statement, the district court did not follow the plea agreement but, instead, revoked Nesbitt's probation and imposed the underlying sentences. The court explained its ruling and emphasized that Nesbitt's extensive criminal background and the level of violence in the new crime significantly influenced the court's decision.

Nesbitt timely appealed both cases, but this appeal only concerns the district court's decision to revoke his probation because of his 2021 aggravated battery criminal case.

NESBITT CHALLENGES HIS PROBATION REVOCATION

On appeal, Nesbitt argues that the district court abused its discretion because it was unreasonable to revoke his probation and impose the underlying sentences without first imposing intermediate sanctions. He contends that less severe options like a short-term jail stay ("quick dip"), extended probation, or reduced prison term were overlooked without proper justification.

Appellate courts review "the propriety of the sanction for a probation violation imposed by the district court for an abuse of discretion." *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). "The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion." *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Once a probation violation is established, a district court can revoke probation unless the court is otherwise limited by statute. *Tafolla*, 315 Kan. at 328; see K.S.A. 2017 Supp. 22-3716(b) and (c) (requiring graduated sanctions before revocation in some cases). At the time Nesbitt committed his initial crimes, the district court could only

3

revoke his probation after it had imposed intermediate sanctions under K.S.A. 2017 Supp. 22-3716(c)(1)(B)-(D). However, there are exceptions to the intermediate sanctions requirement, including if an offender commits a new crime while on probation. K.S.A. 2017 Supp. 22-3716(c)(8)(A). Should an exception be established, the district court has discretion in determining whether to continue the probation or to revoke and require the defendant to serve the underlying prison sentence. See *State v. Brown*, 51 Kan. App. 2d 876, 885, 357 P.3d 296 (2015).

In this case, Nesbitt acknowledges that he waived an evidentiary hearing and pled guilty to aggravated battery. Nesbitt's guilty plea to the aggravated battery established the probation violation. See *State v. Dunham*, 58 Kan. App. 2d 519, 529, 472 P.3d 604 (2020). Because Nesbitt committed a new felony, the district court had authority under K.S.A. 2017 Supp. 22-3716(c)(8)(A) to revoke Nesbitt's probation without imposing intermediate sanctions. The district court cited that exception in revoking Nesbitt's probation.

Nesbitt has the burden to show that the district court abused its discretion in reinstating his initial sentences rather than opting for an intermediate sanction. Although Nesbitt had initially complied with his probation terms, he ultimately violated his probation terms by committing a new violent crime. His criminal history also included multiple battery convictions. Consequently, because the district court had authority under K.S.A. 2017 Supp. 22-3716(c)(8)(A) to revoke Nesbitt's probation after Nesbitt committed a new crime, the district court did not abuse its discretion in revoking Nesbitt's probation and imposing the original sentences.

Affirmed.