NOT DESIGNATED FOR PUBLICATION

Nos. 126,256
126,257
126,258
126,259
126,260

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID RICHARD HARDESTY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JACOB PETERSON, judge. Submitted without oral argument. Opinion filed July 12, 2024. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Ryan J. Ott*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., ATCHESON and PICKERING, JJ.

PICKERING, J.: David Richard Hardesty challenges the district court imposing his total underlying prison sentences of 120 months after the court had granted downward dispositional departures to probation in five cases. On the State's fourth motion to revoke probation, the district court revoked Hardesty's probation and imposed his total underlying 120-month prison sentence. Hardesty now appeals, contending that the district court abused its discretion in revoking his probation rather than granting an alternative

1

disposition that would better address his drug addiction. After reviewing the record, we affirm the district court's ruling.

HARDESTY IS CONVICTED AND PLACED ON PROBATION

In November 2019, Hardesty pled no contest in 19CR584 to aggravated domestic battery and criminal threat. In the same plea agreement, Hardesty pled no contest in 19CR958 to marijuana possession and methamphetamine possession. The district court granted a downward dispositional departure and sentenced Hardesty to 24 months of probation. At the sentencing hearing, the district court stated there were drug treatment programs locally that were better served to prevent recidivism than sending Hardesty to prison.

In February 2020, the State filed a motion to revoke probation, claiming Hardesty used illegal substances and failed to report for a drug test. The State filed four amended motions to revoke probation, citing additional probation violations and new criminal charges in 20CR369 and 20CR391.

In April 2021, Hardesty entered a plea agreement where he stipulated to the alleged probation violations in his two original cases, 19CR584 and 19CR958. In addition, he pled guilty in three new cases:  (1) possession of methamphetamine in 20CR180; (2) domestic battery and two counts of violating a protective order in 20CR369; and (3) possession of methamphetamine and interference with law enforcement in 20CR391. The State agreed to jointly recommend a downward dispositional departure if Hardesty completed inpatient drug addiction treatment before sentencing.

At sentencing, Hardesty had completed his drug treatment, and the district court granted a downward dispositional departure. During the hearing, Hardesty stated he had

been clean for 493 days. The district court sentenced Hardesty to 12 months of probation in the three new cases. The district court extended Hardesty's probation in 19CR584 and 19CR958 by 12 months.

In January 2022, the State filed a second motion to revoke probation, this time for all five cases. The State claimed Hardesty failed to report to his intensive supervision officer (ISO) and to report for a drug test. The district court ordered a three-day jail sanction, known as a "quick dip." In April 2022, the State filed a third motion to revoke probation for all five cases, citing the same probation violations. The district court ordered a 60-day jail sanction. In November 2022, the State filed a fourth motion to revoke probation, citing Hardesty's failure to report to his ISO. The State filed an amended motion, adding Hardesty's failure to submit to drug tests, failure to refrain from drug usage, and failure to inform his ISO of a residence change.

At the probation violation hearing, Cindy Davis, Hardesty's ISO, testified that after Hardesty was released from his 60-day jail sanction on October 30, 2022, he was ordered to report on November 3, 2022. Hardesty failed to report, and Davis attempted to call him each day from November 7-9 with no callback. On November 10, she received an email from Hardesty saying he thought his appointment was that day. Davis told Hardesty to report on November 14 at 9 a.m. Hardesty failed to report. After Hardesty showed up on November 15, Davis put him on daily reporting and drug tests for the next two weeks. That same day, Hardesty tested positive for methamphetamine, and he admitted that he had used it on Friday, November 11. Davis testified that Hardesty failed to report and submit to drug tests again on November 21 and 22. After Hardesty showed up on November 23, he was arrested. Davis did a mouth swab on Hardesty that day that tested positive for methamphetamine.

Hardesty testified that after his release from jail, he wrote down that he had to report to his ISO on Thursday but did not write down which date. He went to the office

3

on November 10, a Thursday, and found out his appointment was the prior Thursday, November 3. Hardesty said he was homeless at the time and got a job doing construction painting. Contrary to Davis' testimony, Hardesty claimed he reported on November 14 and submitted to a drug test. He claimed it was that day he was put on daily reporting. Hardesty admitted that he had relapsed on November 11 while living on a park bench after a man approached him offering drugs. He testified that it was his second relapse in the preceding three years.

Hardesty also testified to why he missed appointments on November 21 and 22. He claimed that he was still homeless and had started sleeping on his boss' couch after late work nights. Because he had no car or driver's license, his bike was his transportation. According to Hardesty, on the morning of November 21, he discovered his bike tire was flat. He said he called Davis to tell her that his boss was supposed to pick him up, but his boss never showed up. He also said he had trouble walking at the time because his feet were infected. Hardesty claimed he called and emailed Davis several times that day trying to get in contact. He said he fixed his bike tire on the evening of November 22 and reported on November 23.

The district court stated that it found Davis' testimony credible and found that Hardesty had failed to report on November 3, 14, 21, and 22. The district court also found that Hardesty failed his drug tests. The court did not find that Hardesty failed to report a change of residence.

Hardesty requested alternative dispositions to revoking his probation. He suggested conditioning probation on a sober living environment or ordering drug and alcohol addiction treatment. The district court stated it "would be typically more patient, especially if some effort was being made . . . to comply," but this was Hardesty's fourth probation violation and there was nothing more for court services to do. The court was sympathetic to Hardesty's flat tire and foot infection, but Hardesty had his last chance

"and [had] crossed that line, unfortunately." The court felt it had no other choice but to revoke Hardesty's probation and impose the total 120-month underlying prison sentence. This appeal followed.

THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION

Appellate courts review a district court's decision to revoke probation for an abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A district court abuses its discretion if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023).

There are two stages to probation revocation. The first is a factual determination that the probationer violated a condition of probation. The second is a discretionary determination by the district court of the appropriate disposition. Revocation is just one of the available dispositions. See *State v. Horton*, 308 Kan. 757, 761-62, 423 P.3d 548 (2018).

Hardesty committed his crimes between July 1, 2019, and April 26, 2020. Therefore, K.S.A. 2019 Supp. 22-3716 controls.

K.S.A. 2019 Supp. 22-3716(c)(1) provides the available dispositions a district court may impose for a probation violation when the original crime of conviction was a felony. The intermediate sanctions available include continuation or modification of the conditions of probation or a 2-day or 3-day quick dip in jail not to exceed 18 days in total. K.S.A. 2019 Supp. 22-3716(c)(1)(A)-(B). If the district court has previously issued a quick dip sanction, the district court may revoke probation upon a subsequent probation violation. K.S.A. 2019 Supp. 22-3716(c)(1)(C).

Hardesty contends that because alternative dispositions were available that better met his needs and the community's needs, the district court abused its discretion in sending him to prison. He maintains that he sought to comply with his probation requirements, but his ability to do so was hindered by honest mistakes or conditions outside his control or related to his drug addiction. Those conditions include Hardesty's lack of housing, lack of transportation, and lack of treatment options due to his indigence. Hardesty contends that the district court "had discretion to select the *most appropriate disposition . . .* , and it abused that discretion when it chose to put Mr. Hardesty in prison for a decade because of the court's frustrations."

The State responds that the district court had discretion to decide how much leeway to afford Hardesty. The State maintains that the district court's decision was reasonable given Hardesty's long history of probation violations. Additionally, the State argues that all of Hardesty's reasons for why he failed to comply during probation are the same reasons as to why he would continue to fail if returned to probation.

The State cites *State v. Dunham*, 58 Kan. App. 2d 519, 472 P.3d 604 (2020), to support its contention that the district court had discretion to determine how much leeway to give Hardesty considering his history of probation violations. There, the district court revoked Dunham's probation after he had committed multiple drug offenses since receiving probation. Dunham claimed that due to his need for drug addiction treatment, the district court's decision to impose his prison sentence was unreasonable. Dunham relied on a law review article noting that incarceration makes future drug use more likely and that treatment is more effective to both stop drug use and conserve resources.

The *Dunham* panel acknowledged that Dunham's assertions about the efficacy of prison and treatment in stopping drug use were likely true and that public policy considerations counseled against imprisoning nonviolent drug offenders. The panel highlighted that Dunham had not taken advantage of his probation opportunities and that

6

the district court had previously imposed intermediate sanctions. The *Dunham* panel noted: "At some point, a court must determine whether a person is amenable to treatment and probation. Whether that occurs after the first, third, or fifth violation, that discretion rests with the district court judge." 58 Kan. App. 2d at 530. The panel concluded that the "district court's decision was not so unfounded that no reasonable person would support it." 58 Kan. App. 2d at 529.

Other panels of this court have also considered cases where probationers claimed that their personal circumstances were barriers to probation compliance. In *State v. Bolitho*, No. 123,896, 2022 WL 1697025 (Kan. App.) (unpublished opinion), *rev. denied* 316 Kan. 759 (2022). Bolitho's probation was revoked on the State's fifth motion to revoke. He had failed to attend a mental health appointment and to refrain from illegal substances. Bolitho explained his violations were the result of his personal circumstances, including homelessness, addiction, and mental health struggles. The *Bolitho* panel stated that Bolitho's personal circumstances were all known to him when he entered his pleas and probation and found no abuse of discretion in Bolitho's probation being revoked. 2022 WL 1697025, at *3.

Here, the district court revoked Hardesty's probation on the State's fourth motion to revoke. Hardesty's probation was originally the result of downward dispositional departures. Hardesty had multiple violations of his probation conditions, including committing new crimes, failing to report to his ISO, and failing to submit to drug tests. The district court had previously ordered a 3-day quick dip and a 60-day jail sanction. Therefore, the district court had discretion to revoke Hardesty's probation. See K.S.A. 2019 Supp. 22-3716(c)(1)(C).

Hardesty claimed his personal circumstances were barriers to his compliance and asked for an alternative disposition that might better address his addiction than prison would. The district court found those circumstances showed that he was unlikely to

7

comply with his probation conditions in the future and that Hardesty had multiple opportunities to comply with his probation conditions. The court revoked his probation due to his violation history. Thus, Hardesty fails to show that no reasonable person would take the court's view in revoking his probation. Accordingly, the district court did not abuse its discretion.

Affirmed.