NOT DESIGNATED FOR PUBLICATION

No. 127,611

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

QUEENTAHARRA J. INGRAM,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER ROUSH, judge. Submitted without oral argument. Opinion filed April 18, 2025. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Robin L. Sommer*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before PICKERING, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Queentaharra J. Ingram appeals the district court's decision to revoke her probation and impose her underlying sentence. Ingram stipulated to violating the terms of her probation by—among other things—committing new crimes. As a result, the district court had the discretion to revoke her probation. On appeal, Ingram contends that the district court abused its discretion. Based on our review of the record, we find that the district court had shown Ingram leniency on previous occasions and that she still failed to comply with the terms of her probation. Thus, we find that the district court did not abuse its discretion and we affirm its decision.

1

FACTS

On September 3, 2021, Ingram pled guilty to three counts of battery in Sedgwick County case No. 20-CR-987, one count of criminal damage to property in the same case, and to one count of fleeing or attempting to elude an officer in Sedgwick County case No. 20-CR-1004. The district court subsequently sentenced her to a six-month jail sentence in case No. 20-CR-987. And it also imposed a 12-month prison sentence in case No. 20-CR-1004. Further, Ingram was ordered to serve both sentences concurrently. But the district court later suspended Ingram's sentences and placed her on probation for a term of one year.

Three months after sentencing, the district court entered an order to appear because Ingram had not signed the "Probation Supervision Agreement." Upon Ingram's admission to this violation, the district court placed her back on probation under the same terms and conditions as previously imposed. On August 17, 2022, Ingram filed a pro se motion to terminate probation alleging that she completed all of her required community service. Although the district court denied the motion, it modified the terms of her probation to that of a non-reporting probation.

On October 19, 2022, Ingram consented to the district court extending her probation for an additional 12 months because of restitution that remained unpaid. About two months later, the State moved to terminate Ingram's probation on the grounds that she had committed several new crimes. At a revocation hearing held on February 9, 2023, the district court found that Ingram had violated the terms of her probation. Still, the district court continued Ingram's probation for another 12 months, imposed a 3-day jail sentence, and ordered her to complete a batterer intervention program.

Over the next year, the State applied for four more warrants against Ingram. Each application for a warrant alleged that Ingram had violated the terms of her probation in

various ways including the commission of new crimes. Finally, on January 11, 2024, the State alleged that Ingram had committed five new crimes including removal of her GPS bracelet and being found outside of her house arrest boundary without permission.

On January 25, 2024, the district court held a hearing to consider Ingram's alleged probation violations and to sentence her in Sedgwick County case No. 23-CR-1475 for new crimes she committed while on probation. At the hearing, Ingram did not contest the allegations that she had violated the terms of her probation. Material to the issue presented in this appeal, the district court revoked Ingram's probation and ordered her to serve the underlying six-month jail sentence in case No. 20-CR-987 alongside modifying her prison sentence in case No. 20-CR-1004 to nine months. The district court also ordered Ingram's sentences in case No. 20-CR-987 and case No. 20-CR-1004 to be served concurrently and then sentenced her to 18 months in prison—in case No. 23-CR-1475—which ran consecutive to her prior sentences.

In reaching this decision, the district court explained:

"I hope that you figure out what's going on with you. I've had a lot of interaction with you over the past three years, and most of it has been pleasant. I mean, you're obviously intelligent, you're well-spoken, I do believe that you have potential. Obviously, this is not the way that either one of us wanted to see this go with regard to your probation, but you're just kind of one step too many and it's appropriate for me to impose prison at this time."

Thereafter, Ingram filed a timely notice of appeal.

ANALYSIS

On appeal, Ingram contends that although the district court had the authority to revoke her probation, it abused its discretion by ordering her to serve her underlying

3

sentence. Specifically, she argues that the district court should have imposed an intermediate sanction or a lesser sentence to allow her the opportunity to pursue treatment for her substance abuse issues. In response, the State argues that the district court appropriately exercised its discretion under the circumstances presented.

Unless limited by statute, a district court has the discretion to revoke an offender's probation and impose the original sentence upon a showing that the offender has violated the terms of his or her probation. See *State v. Dooley*, 308 Kan. 641, 647-49, 423 P.3d 469 (2018). Here, it is undisputed that the district court had the authority to revoke Ingram's probation and to require her to serve her underlying sentence because she committed new crimes. Accordingly, we review the district court's decision for abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022).

A district court abuses its discretion only if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on a legal error; or (3) based on factual error. The burden to prove an abuse of discretion is on the party asserting the error. 315 Kan. at 328. As a result, it is incumbent upon Ingram to show that the district court abused its discretion by imposing her underlying sentence in this case. See 315 Kan. at 328.

Under K.S.A. 22-3716(b)(3)(B), a district court has three options to consider when an offender has violated the terms of his or her probation. These options are to: (1) continue or modify the probation; (2) impose up to a two-day or three-day jail sanction; or (3) revoke the probation and order the defendant to serve the sentence imposed. K.S.A. 22-3716(b)(3)(B)(i)-(iii). The district court may also disregard imposing intermediate sanctions where the offender has committed a new crime. K.S.A. 22-3716(c)(7)(C).

In this case, Ingram suggests that the district court should have ordered her to receive substance abuse treatment rather than require her to serve her underlying jail sentence. But "[a]t some point, a court must determine whether a person is amenable to

4

treatment and probation." *State v. Dunham*, 58 Kan. App. 2d 519, 530, 472 P.3d 604 (2020). The discretion to revoke probation rests with the district court no matter the number of violations. 58 Kan. App. 2d at 530.

Ingram cites *State v. Coffman*, No. 120,553, 2020 WL 741440 (Kan. App. 2020) (unpublished opinion), as support for her position. But *Coffman* does little to help her cause because the defendant in that case—like Ingram—chose to commit new crimes while on probation rather than seizing the chance to seek the help they needed. See 2020 WL 741440, at *3. Just as the panel in *Coffman* found that the district court did not abuse its discretion in revoking the defendant's probation and requiring him to serve his underlying sentence, we find that the district court did not abuse its discretion in revoking Ingram's probation and imposing her underlying sentence. See 2020 WL 741440, at *4.

Here, a review of the record reveals that the district court found that Ingram violated her probation on multiple occasions. Moreover, Ingram already received an intermediate sanction when she completed a "quick dip"—of three days in jail—after the district court's finding that she violated the terms of her probation. Unfortunately, when given several opportunities to do so, Ingram failed to comply with the terms of her probation by committing several new crimes including the removal of her GPS monitoring device and leaving her designated house arrest boundary without permission. Under these circumstances, we find that the district court did not make a mistake of fact nor did it act unreasonably by revoking Ingram's probation and ordering her to serve her underlying sentence. See K.S.A. 22-3716(b)(3)(B)(iii), (c)(7)(C).

Affirmed.