NOT DESIGNATED FOR PUBLICATION

No. 128,519

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROGER STEWART WHITLOCK III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed October 3, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., MALONE and CLINE, JJ.

PER CURIAM: Roger Stewart Whitlock III appeals the revocation of his probation and imposition of his underlying prison sentence. We granted Whitlock's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Whitlock was charged with three counts of aggravated domestic battery and one count of domestic battery based on acts he committed in September 2022. Pursuant to a plea agreement, Whitlock pled guilty to one count of aggravated domestic battery. The

1

district court imposed 24 months' probation with an underlying term of 21 months' imprisonment on July 7, 2023.

On August 28, 2023, Whitlock admitted he violated his probation terms, including failing to complete his drug and alcohol evaluation, failing to report to his intensive supervision officer (ISO), and committing the new crime of larceny theft on July 20, 2023. He was ordered to serve a two-day jail sanction for those violations.

A few weeks later, Whitlock's ISO filed a warrant which listed more probation violations (along with restating the ones Whitlock previously admitted to), including: (1) failing to serve his court-ordered jail sanction; (2) committing the crime of intimidation/domestic violence on September 10, 2023; (3) committing the crime of intimidation on September 8, 2023; and (4) failing to report to his ISO.

Whitlock was arrested in Iowa on the warrant. His ISO then filed another warrant on November 25, 2024, alleging Whitlock was arrested in Iowa and had failed to receive permission to leave the state.

The district court held a probation revocation hearing on December 4, 2024. Whitlock admitted to all eight violations. At the hearing, the State argued Whitlock's probation should be revoked and the underlying sentence imposed. It pointed out Whitlock had accrued new charges within three months of his original sentence in July 2023, and several of those new charges included intimidation and domestic violence— charges like those he had originally pled to for his probation.

Whitlock, for his part, took accountability for his actions, stating he was previously out of control due to a drug addiction. But he noted that while he was recently incarcerated in Iowa, he completed a drug treatment program and earned his GED. He expressed a desire to return to Iowa to be near his wife and son and asked that he be

2

placed back on probation so he could apply for an interstate compact for adult offender supervision in Iowa. Whitlock noted that as part of his parole in Iowa, he requested to be placed in a halfway house for four to six months and then into a religious-based program on how to maintain a sober life. Alternatively, Whitlock asked the district court to modify his sentence to 11 months.

While the district court acknowledged Whitlock's recent success, it pointed out his long history with drugs and alcohol and unsuccessful efforts at treatment programs. The district court then revoked Whitlock's probation and imposed the underlying sentence, modifying it to run concurrent with his other charges.

Whitlock timely appealed.

REVIEW OF WHITLOCK'S APPELLATE CHALLENGE

Whitlock argues the district court abused its discretion by imposing the underlying sentence rather than reinstating probation.

Kansas appellate courts review district court decisions to revoke probation for abuse of discretion. A court abuses its discretion if the judicial decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. The party raising abuse of discretion bears the burden of establishing it. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Whitlock, as the party asserting abuse of discretion, bears the burden of showing the district court committed such abuse. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Under K.S.A. 22-3716(c)(7)(C), a court may revoke probation without prior sanctions if a new crime is committed while on probation. And under K.S.A. 22-

3

3716(c)(1)(C), a court may revoke probation if a two-day jail sanction was previously imposed.

On appeal, Whitlock does not dispute the district court's legal authority to revoke his probation since he committed a new crime while on probation. See K.S.A. 22-3716(c)(7)(C). Instead, he argues the court abused its discretion because the revocation was unreasonable in light of Whitlock's recent completion of a drug treatment program and earning his GED. Whitlock notes he took responsibility for his actions and intended to continue to work on his sobriety through the program in Iowa.

While we find Whitlock's efforts laudable, he stipulated to committing new crimes while on probation, which included domestic violence—the crime which his original conviction was based on. Accordingly, the district court had the legal authority to revoke Whitlock's probation because he committed a new crime while on probation. And Whitlock has identified no factual error committed by the district court. This means this court may only consider whether the district court's decision to revoke Whitlock's probation was reasonable. See *State v. Dunham*, 58 Kan. App. 2d 519, 530, 472 P.3d 604 (2020) ("[U]nless the district court has made a legal or factual error . . . we will set aside its discretionary decision only if no reasonable person could agree with it.").

Here, the district court recognized Whitlock's continuous efforts to achieve sobriety. But it also noted that each previous attempt had been unsuccessful. The district court found Whitlock's planned participation in the Iowa program was not a sufficient guarantee of future sobriety or lack of recidivism regardless of the progress he had made. Given the circumstances, which also included the commission of several new crimes within weeks of starting his probation, we cannot say the district court's decision to revoke Whitlock's probation was unreasonable. We therefore find no abuse of discretion.

Affirmed.