NOT DESIGNATED FOR PUBLICATION

No. 128,700

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTONIO W. HIGHTOWER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed November 7, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before HURST, P.J., GARDNER and BOLTON FLEMING, JJ.

PER CURIAM: Antonio W. Hightower appeals the district court's order revoking his probation and imposing his prison sentence. This court granted Hightower's request for summary disposition of his appeal under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). After reviewing the record, we find the district court did not abuse its discretion, and we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2023, a jury found Hightower guilty of criminal threat, a severity level 9 person felony, and criminal restraint, a class A person misdemeanor. At sentencing, the district court determined Hightower's criminal history score to be H. The district court

1

sentenced Hightower to 8 months in prison for the criminal threat conviction, 12 months in jail for the criminal restraint conviction, and ran the sentences consecutive. The district court suspended these sentences and placed Hightower on 12 months of probation.

About eight months after sentencing, the State issued an arrest warrant alleging that Hightower had violated his probation conditions by failing to meet his curfew, committing new crimes (interference with a law enforcement officer and transporting an open container), and testing positive for cocaine. At his January 18, 2024 probation revocation hearing, Hightower admitted to the alleged violations. The district court imposed a 3-day jail sanction with credit for time served, extended Hightower's probation by 12 additional months, and ordered a new drug and alcohol evaluation to be completed within 30 days. The district court also left the remaining previously ordered probation conditions in place.

Three months later, the State again alleged that Hightower had violated several terms of his probation. The State alleged that Hightower tested positive for cocaine; committed a new crime (battery); engaged in assaultive type behavior; failed to report to his Intensive Supervision Officer; and failed to attend drug and alcohol treatment.

At his second probation revocation hearing, Hightower again stipulated to the alleged violations. The parties jointly requested the district court modify Hightower's sentence by running the counts concurrent and agreed to have him serve his sentence, with the idea that Hightower had accumulated enough jail credit to have nearly completed that 12-month sentence. The district court adopted the agreement of the parties, revoked Hightower's probation, modified his sentence by running the two counts concurrent, and ordered Hightower to serve his underlying sentence.

Hightower filed a timely notice of appeal.

2

ANALYSIS

Hightower argues that the district court abused its discretion in revoking his probation and ordering him to serve his underlying prison sentence.

Once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 22-3716.

This court reviews the district court's decision to revoke probation for an abuse of discretion. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025). Once a probation violation is established, a district court's decision to revoke probation and impose an underlying sentence may only be reversed if no reasonable person would have reached the same conclusion. See *State v. Dunham*, 58 Kan. App. 2d 519, 530, 472 P.3d 604 (2020).

As the party asserting the district court abused its discretion, Hightower bears the burden of showing such abuse of discretion. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

K.S.A. 22-3716 provides a framework to guide the district court in exercising its discretion after a probation violation has been established. Before revoking a defendant's probation and imposing their underlying sentence, in some situations the district court must impose intermediate sanctions. See K.S.A. 22-3716(c)(1). However, the court may revoke probation without having previously imposed an intermediate sanction if the offender commits a new felony or misdemeanor while the offender is on probation. K.S.A. 22-3716(c)(7)(C).

3

Here, the district court imposed an intermediate three-day jail sanction prior to ordering Hightower to serve his underlying sentence. Hightower also stipulated that he committed new crimes while on probation. Hightower has not identified a legal or factual error committed by the district court. Thus, the only consideration is whether the district court's decision to revoke Hightower's probation was reasonable. See *Dunham*, 58 Kan. App. 2d at 530 ("[U]nless the district court has made a legal or factual error . . . we will set aside its discretionary decision only if no reasonable person could agree with it.").

Hightower contends that the district court abused its discretion in ordering him to serve his sentence. But Hightower stipulated to the alleged violations and then asked the court to revoke his probation and impose his modified underlying sentence. A reasonable person could agree that Hightower was not amenable to probation, especially given that Hightower himself asked for this decision. The district court did not abuse its discretion.

Affirmed.