NOT DESIGNATED FOR PUBLICATION

No. 128,699

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL A. BENZELESKI,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRYSTAL KRIER, judge. Opinion filed November 21, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before HURST, P.J., GARDNER and BOLTON FLEMING, JJ.

PER CURIAM: Michael A. Benzeleski appeals the Sedgwick County District Court's modification of his probation. We granted Benzeleski's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State did not respond to his motion. Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2024, Benzeleski pleaded guilty to one count of aggravated battery, a severity level 7 person felony. The district court sentenced him to 24 months' probation, which was the presumptive disposition, with an underlying sentence of 22 months' imprisonment.

1

About three months later, the State alleged Benzeleski had violated the terms of his probation by failing to provide proof to his probation officer that he had completed his drug and alcohol and mental health evaluations as directed, failing to obtain full-time employment, failing to complete his ordered community service work, and failing to make payments toward his court costs and probation supervision fees.

The district court held a probation violation hearing at which Benzeleski waived his right to an evidentiary hearing and admitted all the alleged probation violations. The State and Benzeleski's counsel both asked the district court to order a three-day jail sanction for Benzeleski and to extend his probation. The State also asked the district court to order Benzeleski to attend residential treatment. Benzeleski opposed this request. The district court then held that Benzeleski had violated the terms of his probation. It modified his probation conditions by extending his probation 24 months, ordering him to serve a 3-day jail sanction, and ordering him to complete the "Adult Residential Program," which is a residential treatment program. The district court judge explained it was ordering residential treatment because Benzeleski's probation officer thought he needed that treatment to be successful.

Benzeleski now timely appeals the district court's modification of his probation, arguing only that the district court erred by ordering him to complete residential treatment.

*Did the District Court Err in its Modification of Benzeleski's Probation?*

Once a probation violation has been established, the district court's decision to revoke or modify the offender's probation and impose the original sentence is discretionary unless otherwise limited by statute. See *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). We review the propriety of the sanction for a probation violation imposed by the district court for an abuse of discretion. *State v. Tafolla*, 315 Kan. 324,

328, 508 P.3d 351 (2022). A court abuses its discretion if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. 315 Kan. at 328. Benzeleski bears the burden of establishing such an abuse of discretion. See 315 Kan. at 328.

Once a violation of the conditions of probation has been established, the district court then has the discretion to grant a "[c]ontinuation or modification of the release conditions of the probation." K.S.A. 22-3716(c)(1)(A). Here, the district court both extended Benzeleski's probation and modified its terms by ordering him to residential treatment. This treatment is a condition of probation that a district court may impose. See K.S.A. 2024 Supp. 21-6607(b)(9) ("The court may impose any conditions of probation, suspension of sentence or assignment to a community correctional services program that the court deems proper, including, but not limited to, requiring that the defendant . . . participate in assessment, treatment, programming and other directives of the court or the defendant's supervision officer."). Benzeleski alleges no error of fact or law.

Benzeleski asserts solely that the district court's decision was unreasonable. In support of this contention, he argues that he had recently gotten a job, had completed an intake with a mental health services provider, and had been caring for his two children.

At the hearing, the district court judge explained that it was ordering residential treatment because his probation officer was the person who had worked the closest with Benzeleski and she stated her belief that Benzeleski needed residential treatment. The district court judge added that if, while Benzeleski was waiting for a spot in residential treatment to open, his probation officer thought it was no longer needed for his success, then his probation officer could contact the district court, and the court would modify his probation by removing that requirement. Yet no such request appears in the record on appeal.

While Benzeleski's arguments appear meritorious when considered in isolation, he fails to carry his burden to show that no reasonable person would have taken the view adopted by the district court. See *State v. Dunham*, 58 Kan. App. 2d 519, 530, 472 P.3d 604 (2020) ("[U]nless the district court has made a legal or factual error . . . we will set aside its discretionary decision only if no reasonable person could agree with it."). The district court properly considered and weighed the recommendation of Benzeleski's probation officer that she believed Benzeleski needed residential treatment to be successful on probation. And sobriety is an essential component to one's ability to parent children. Accordingly, we find that the district court did not abuse its discretion in its modification of Benzeleski's probation.

Affirmed.