NOT DESIGNATED FOR PUBLICATION

No. 129,424

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DOUGLAS MOSER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Harvey District Court; MARILYN M. WILDER, judge. Opinion filed February 20, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before BOLTON FLEMING, P.J., ISHERWOOD and COBLE, JJ.

PER CURIAM: Following a felony conviction, Douglas Moser was placed on probation for 18 months. Later, Moser stipulated that he violated some of the conditions of his probation, and the district court imposed a 60-day jail sanction and extended his probation for another 18 months. Moser appeals, arguing that the district court abused its discretion by imposing the sanction and extending his probation. This court granted Moser's request for summary disposition of his appeal under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48) in lieu of briefs. The State did not file a response to the motion for summary disposition. After reviewing the record, we affirm.

Following a jury trial, Moser was convicted of unlawful possession of a controlled substance, methamphetamine, a severity level 5 drug felony. He was sentenced to 20

1

months in prison, but his sentence was suspended and he was ordered to complete 18 months of probation.

About one year later, the State filed a motion to revoke Moser's probation. At his probation violation hearing, Moser stipulated that he violated the terms of his probation by failing to report as directed, failing a random urinalysis test, and failing to attend drug treatment. The district court accepted Moser's stipulation, ordered a 60-day jail sanction, and extended his probation for another 18 months. Moser argues the district court abused its discretion by ordering the sanction and extending his probation.

The decision to revoke probation involves two steps: (1) a factual determination that the probationer violated the probation condition; and (2) a discretionary determination of the appropriate disposition in light of the proved violations. *State v. Horton*, 308 Kan. 757, 760-61, 423 P.3d 548 (2018). Because Moser stipulated that he violated several conditions of his probation, our focus is on whether the district court abused its discretion in its disposition.

A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

A district court abuses its discretion to revoke probation only "if no reasonable person would have taken the court's position." *State v. Dunham*, 58 Kan. App. 2d 519, 528-29, 472 P.3d 604 (2020). Moser provides no evidence that the district court abused its discretion. He does not allege any error of law or fact and presents no evidence that the district court unreasonably ordered him to serve a sanction and continue his probation.

2

To the contrary, K.S.A. 22-3716(b)(3)(A) provides that if the original conviction was a felony, the sanctions available to the district court are those found in K.S.A. 22-3716(c)(1). Moser had previously been given county jail sanctions pursuant to K.S.A. 22-3716(c)(1)(B). This provided the district court with the authority to impose the sanctions found in K.S.A. 22-3716(c)(1)(C), including extending his probation for 18 months and sentencing him to 60 days in the county jail. And the facts demonstrate that the district court's decision was reasonable. Moser admitted he failed to report as directed, failed a court-ordered urinalysis test, and failed to successfully complete drug treatment. The district court reasonably ordered a jail sanction and gave Moser another opportunity on probation.

Moser has failed to meet his burden of proof. The district court did not abuse its discretion in its decision to order a 60-day jail sanction and extend probation.

Affirmed.