NOT DESIGNATED FOR PUBLICATION

Nos. 125,907
125,908

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MIRALIS JARMIAH COZART,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cloud District Court; KIM W. CUDNEY, judge. Submitted without oral argument. Opinion filed January 3, 2025. Affirmed.

*Darby VanHoutan*, of Kansas Appellate Defender Office, for appellant.

No appearance by appellee.

Before BRUNS, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM:  In this consolidated appeal, Miralis Jarmiah Cozart appeals the district court's revocation of his probation in two criminal cases. On appeal, Cozart contends that the district court abused its discretion by relying on his "technical violations" to revoke his probation. He also contends that the district court failed to impose intermediate sanctions before revoking his probation and requiring him to serve his underlying sentences. Additionally, he contends that he would benefit more from the imposition of alternative sanctions rather than prison. Because we do not find Cozart's arguments to be persuasive, the district court's decision is affirmed.

1

In February 2019, Cozart pled no contest to one count of aggravated assault with a deadly weapon in Cloud County case No. 18-CR-255. Subsequently, he was sentenced to 16 months imprisonment. Even so, the district court suspended the sentence and ordered him to serve a 24-month term of supervised probation. Between August 2019 and January 2020, Cozart was ordered to serve several three-day "quick dip" jail sanctions. On June 1, 2020, the State filed a motion to revoke Cozart's probation in case No. 18-CR-255. But that motion to revoke was later withdrawn by the State.

In July 2020, Cozart pled no contest to one count of possession of methamphetamine and one count of criminal possession of a firearm in Cloud County case No. 20-CR-51. At sentencing, the district court sentenced him to 30 months' imprisonment. Even so, the district court granted him a dispositional departure and placed him on probation for 18 months so that he could complete an outpatient drug treatment program.

Unfortunately, Cozart was unable to comply with the terms of his probations, and the State moved to revoke in both cases on December 1, 2020. At a probation revocation hearing held on January 7, 2021, the district court determined that Cozart violated his probation in both cases. As a result, the district court imposed a jail sanction in both cases and found that it had been satisfied by time served. The district court also ordered Cozart to continue with his drug treatment program and ordered him to relocate to a new sober living facility. In addition, the district court extended his probation in case No. 18-CR-255 for another 12 months.

On May 10, 2021, the State again filed motions in both cases to revoke Cozart's probation. At the probation hearing—which was held more than a year later—Cozart admitted to violating the terms of his probations by failing to report to supervising

officers as directed several times, by missing urinalysis tests, and by using methamphetamine. Still, he asked the district court to reinstate his probation or, in the alternative, to modify his underlying sentences.

According to Cozart, he had kept up with most of his probation responsibilities. He also asserted that he needed to continue in a substance abuse treatment program. He explained that he was facing challenges that made it difficult for him "to maintain sobriety." Cozart also provided the district court with a letter from his boss at Comfort Inn and Suites—where he had worked prior to his arrest—detailing his good character and consistent work ethic.

At the conclusion of the probation hearing, the district court revoked Cozart's probation in both cases and ordered him to serve his underlying sentences. In doing so, the district court explained:

> "[G]iven all of the opportunities, the age of these cases, the multiple violations that have occurred, at this point in time, the Court is not willing to reinstate probation or to modify sentences.
>
> "That one more chance was used up. And based upon the violations, the new conviction, the failure to report to supervising officer, continued use of illegal substances, the Court finds that in each case, probation is revoked.
>
> "You will serve your underlying sentences."

In its journal entry, the district court noted that Cozart had stipulated to failing to report to his probation supervisor, to failing to submit to a urinalysis test, to consuming illegal or mood-altering substances, and to failing to inform his probation supervisor regarding changes in residence, phone number, and/or employment. In addition, in case No. 18-CR-255, the district court included Cozart's new conviction in case No. 20-CR-51

3

as part of its rationale for revoking his probation and ordering him to serve his underlying sentences. Thereafter, Cozart timely appealed.

ANALYSIS

The sole issue presented in this appeal is whether the district court erred in revoking Cozart's probation and ordering him to serve his underlying sentences. He suggests that although he violated the terms of his probation, these violations were merely technical in nature. As such, he argues that the district court should have imposed intermediate sanctions. We note that the State did not file a brief and has chosen to stand on the record.

A district court has the discretion to revoke an offender's probation and to impose the original sentence for a violation of the terms of the probation unless otherwise required by statute. *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018) (*Dooley I*). We generally review a district court's revocation of probation and the imposition of an underlying sentence for abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A district court abuses its discretion only if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on a legal error; or (3) based on factual error. The burden to prove an abuse of discretion is on the party asserting the error. 315 Kan. at 328.

To the extent that defendant's arguments require the court to interpret K.S.A. 22-3716(c), that is a question of law that has unlimited review. *State v. Coleman*, 311 Kan. 332, 334-35, 460 P.3d 828 (2020). Additionally, where there is a mixed question of law and fact, we review the district court's findings for substantial competent evidence. *State v. Dooley*, 313 Kan. 815, 819, 491 P.3d 1250 (2021) (*Dooley II*). Substantial competent evidence is evidence that is legal and relevant evidence that a reasonable person would accept to sufficiently support a conclusion. *State v. Smith*, 312 Kan. 876, 887, 482 P.3d 586 (2021); *State v. Doelz*, 309 Kan. 133, 138, 432 P.3d 669 (2019).

Under K.S.A. 22-3716(c)(1)(A)-(C), a sentencing court must usually impose graduated intermediate sanctions on offenders who have violated the terms of their probation. If the offender is already on probation in more than one case at the same time, any sanction under subsection (c)(1) or (c)(9) is to be imposed concurrently. K.S.A. 22-3716(c)(8). But there are several exceptions to the general rule that allow for the revocation of an offender's probation and the imposition of the original sentence after establishing a violation. K.S.A. 22-3716(c)(7). The primary exceptions are threatening public safety or jeopardizing the offender's own health, the granting of probation was based on a dispositional departure, committing a new crime, or absconding from supervision while on probation. K.S.A. 22-3716(c)(7)(A)-(D).

As the Kansas Supreme Court has explained, "the dispositional departure statutory exception does not require particularized findings." *Tafolla*, 315 Kan. at 331. For example, a district court's failure to expressly invoke the dispositional departure exception does not then constitute an abuse of discretion. 315 Kan. at 332-33. See *State v. Stewart*, 306 Kan. 237, 262, 393 P.3d 1031 (2017). Further, a defendant that neglects to ask for intermediate sanctions or request "more definite findings faces an uphill battle when trying to show that a district court abused its discretion." *Tafolla*, 315 Kan. at 332. Where no objection is asserted, we are to presume that the "[district] court found all facts necessary to support its judgment." 315 Kan. at 332 (quoting *McIntyre v. State*, 305 Kan. 616, 618, 385 P.3d 930 [2016]).

In *State v. Reeves*, 54 Kan. App. 2d 644, 403 P.3d 655 (2017), the defendant pled no contest to one count of conspiracy to commit aggravated robbery. Over the next two years, the defendant committed several violations of the terms of his probation. On the final occasion, he asked the district court to reduce his sentence. After his request was denied, the defendant appealed and asserted that the district court had "'abused its discretion by [ordering him to serve] his full underlying sentence . . . after revoking his probation, rather than the [lesser sentence] for which he argued.'" 54 Kan. App. 2d at 645.

5

On appeal, this court recognized that the defendant "was a young man who acknowledged that he had a drug problem." 54 Kan. App. 2d at 648. Still, our court found no abuse of discretion because of the nature of the crimes as well as his multiple violations of the terms of his probation. 54 Kan. App. 2d at 648.

More recently, in *State v. Dunham*, 58 Kan. App. 2d 519, 530, 472 P.3d 604 (2020), another panel of this court reached a similar conclusion. In doing so, the panel explained:

> "At some point, a court must determine whether a person is amenable to treatment and probation. Whether that occurs after the first, third, or fifth violation, that discretion rests with the district court judge. And unless the district court has made a legal or factual error . . . we will set aside its discretionary decision only if no reasonable person could agree with it. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011)." *Dunham*, 58 Kan. App. 2d at 530.

Here, Cozart does not dispute that he violated the terms of his probations on several occasions. Instead, he suggests that his violations were simply "technical" in nature and, as a result, should have resulted in no more than intermediate sanctions. See *State v. Brown*, 51 Kan. App. 2d 876, 880, 357 P.3d 296 (2015). Yet as the district court explained, Cozart had "used up" his chances to comply with the terms of his probations "based upon the violations, the new conviction, the failure to report . . . , [and] continued use of illegal substances." Consequently, we find that a reasonable person could conclude that Cozart had shown by his actions—or lack thereof—that he was not amenable to treatment or probation.

It is also important to recognize that Cozart's probation in case No. 20-CR-51 was based on a dispositional departure. As a result, it was unnecessary for the district court to impose an intermediate sanction under K.S.A. 22-3716(c)(7)(B). Likewise, it was not

error for the district court to fail to expressly invoke this statutory exception under the circumstances presented. See *Tafolla*, 315 Kan. at 332-33.

Furthermore, in case No. 18-CR-255, the record on appeal shows that Cozart had violated the terms of his probation several times. The district court also determined that his probation should be revoked for committing a new crime. As the parties are aware, this statutory exception is one that the district court may use to immediately revoke an offender's probation without imposing an intermediate sanction. K.S.A. 22-3716(c)(7)(C).

Based on our review of the record on appeal, we find that Cozart was given multiple opportunities to comply with the terms of his probations. Prior to the district court revoking his probations and ordering him to serve his underlying sentences, Cozart had been given several three-day jail sanctions, ordered to complete drug treatment, and granted an extension of his probation in case No. 18-CR-255 for one additional year. Still, he continued to fail to comply with the terms of his probation. Consequently, a reasonable person could conclude that Cozart was not amenable to probation even if others might believe that he would have been better served by the imposition of an intermediate sanction or a modified sentence.

In conclusion, we are unable to find that no reasonable person would have denied Cozart's request for intermediate sanctions or his request for a lesser sentence. Likewise, we do not find that the district court's decision was based on an error of law or fact. Rather we find that it was based on substantial competent evidence found in the record on appeal. We, therefore, conclude that the district court did not abuse its discretion, and we affirm the district court's decision.

Affirmed.