NOT DESIGNATED FOR PUBLICATION

No. 126,804

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JENNIFER L. DAILY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Submitted without oral argument. Opinion filed January 10, 2025. Affirmed in part, vacated in part, and remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: Jennifer L. Daily appeals the district court's revocation of her probation and imposition of her underlying sentence. On appeal, Daily alleges that the district court erred in revoking her probation. She also contends that the district court erred in awarding her jail time credit. Based on our review of the record, we do not find that the district court erred in revoking Daily's probation or in ordering her to serve her underlying sentence. Even so, the State concedes that this case should be remanded to the district court for determination of the jail time credit that Daily is entitled to receive. Thus, we affirm in part, vacate in part, and remand with directions.

1

On April 26, 2018, Jennifer Daily entered guilty pleas in two separate cases. In Sedgwick County case No. 18-CR-651, Daily pled to one count of aggravated burglary and one count of burglary. In case No. 17-CR-2582, she pled guilty to one count of burglary and two counts of felony theft. At sentencing, the district court sentenced her to 64 months' imprisonment in case No. 18-CR-651 and 29 months in case No. 17-CR-2582. Even so, it granted Daily's motion for dispositional departure—placing her on probation for a term of 36 months in case No. 18-CR-651 and 24 months in case No. 17-CR-2582.

Nine months later, the State filed its first warrant alleging that Daily violated the conditions of her probation by consuming alcohol and methamphetamine as well as by failing to obtain or maintain full-time employment. She admitted these allegations and waived her right to an evidentiary hearing. As a result, the district court imposed a 48-hour jail sanction and ordered her to successfully complete a community corrections residential program.

Unfortunately, a second warrant was filed by the State seven months later in which it was alleged that Daily again violated the conditions of her probation by testing positive for methamphetamine two times. Again, Daily admitted to the allegations. The district court imposed a 60-day jail sanction, ordered her to complete inpatient drug treatment, ordered her to complete the residential program, and extended her probation term for 36 months from November 01, 2019, which was the date of the hearing.

Daily was also placed on probation on other cases that are not the subject of this appeal. In case No. 16-TR-11841, her probation was terminated on May 12, 2020, and in case No. 17-CR-2582, her probation was terminated on November 1, 2021. Still, her probation in case No. 18-CR-651 remained in effect.

On May 27, 2022, the district court issued an order to appear for once again failing to comply with the conditions of her probation. At the probation revocation hearing, Daily waived her rights and admitted to all of the allegations. Accordingly, the district court extended her probation an additional 12 months from June 9, 2022, which was the date of the hearing.

About a year later, on June 7, 2023, the district court ordered Daily to appear for another probation revocation hearing. This time, the State alleged that she violated the conditions of her probation in a variety of ways including yet again testing positive for methamphetamine. The next month, an additional warrant was filed alleging that Daily submitted another urine sample which tested positive for methamphetamine, failed to notify her probation officer about a change in employment, failed to attend drug and alcohol treatment, and admitted to using methamphetamine on July 27, 2023.

Once more, Daily admitted to the allegations in both warrants. A probation revocation hearing was held on August 3, 2023, at which the State requested that her probation be revoked and that she be required to serve her underlying sentence due to her multiple probation violations, her continued drug use, and her inability to be rehabilitated while on probation. The State also asserted that because Daily had been placed on probation by way of a dispositional departure, it was not necessary to impose intermediate sanctions.

In response, Daily asserted that her inability to comply with the conditions of her probation was due to several personal issues. She also pointed out that she had not committed any new crimes and claimed that many of her violations were technical in nature. Still, she agreed that several of her violations related to continued use of methamphetamine. In addition, several of her supporters attended the hearing and spoke on her behalf.

Daily asked the district court to either order an intermediate sanction or an "extremely modified sentence." She maintained that she understood the severity of the allegations and acknowledged that in dealing with her prior violations, the district court had "been extremely generous with the outcomes." In reply, the State asserted that despite the district court's efforts, Daily continually failed to comply with the conditions of her probation. The State also reminded the district court again that Daily received probation as a result of a dispositional departure and argued that revocation was appropriate.

At the conclusion of the hearing, the district court revoked Daily's probation and ordered her to serve her underlying sentence. In doing so, the court explained:

> "So this is not your first time being in the system. In fact, you had a 17-CR case that this case was to run consecutive to here in Sedgwick County.

> "You have had multiple opportunities before this Court on this case to do the things and straighten yourself out that you're asking the Court at this point in time to do. Pursuant to K.S.A. [2017 Supp.] 22-3716 subsection (c)(9) that was in effect at the time of this probation—when you were placed on probation [for] the offense—the date of offense, I'm going to revoke your probation and impose the original sentence. I will set forth [with] particularity the reasons for finding that the welfare of the offender will not be served by imposing a sanction—a soak sanction at this point in time.

> "That being said, you have been given those opportunities while on probation, multiple opportunities, but yet you still are offending and using. I told you at the last hearing you were going to go to prison if you kept up with your conduct going forward. So at this point [in] time, even your own statements that you don't know what to do and you've done your best. But you have not done anything that the Court has asked you at this point in time. That being said, pursuant to that subsection, I'm going to impose the original sentence that was ordered previously. My hope is that when you get out you can put this behind you, rejoin your group, and move forward."

In its journal entry, the district court found that Daily's probation was the result of a dispositional departure, revoked her probation, and ordered her to serve her original sentence. The district court also found that she was not entitled to any jail time credit. Thereafter, Daily filed a timely notice of appeal.

ANALYSIS

On appeal, Daily presents two issues. First, whether the district court erred in revoking her probation and ordering her to serve her original sentence. Second, whether the district court erred in failing to grant her jail time credit in this case. In response, the State contends that the district court was not required to impose intermediate sanctions because Daily's probation was granted through a dispositional departure. The State also contends that the district court did not abuse its discretion. Even so, the State concedes that the issue of jail time credit should be remanded to the district court for determination.

District courts have the discretion to revoke an offender's probation and to order the offender to serve the original sentence unless limited by statute. *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018) (*Dooley I*). We review a district court's revocation of probation and the imposition of an underlying sentence for abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A district court abuses its discretion only if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on a legal error; or (3) based on factual error. The party asserting the error—in this case Daily—bears the burden to establish an abuse of discretion. 315 Kan. at 328. To the extent that we are required to interpret a statute, our review is unlimited. *State v. Coleman*, 311 Kan. 332, 334-35, 460 P.3d 828 (2020).

Additionally, a mixed question of law and fact requires us to review the district court's factual findings for substantial competent evidence. *State v. Dooley*, 313 Kan. 815, 819, 491 P.3d 1250 (2021) (*Dooley II*). Substantial competent evidence is legal,

5

relevant, and material evidence that a reasonable person may accept as being sufficient to support a conclusion. *State v. Smith*, 312 Kan. 876, 887, 482 P.3d 586 (2021); *State v. Doelz*, 309 Kan. 133, 138, 432 P.3d 669 (2019). To determine whether substantive competent evidence supports a district court's findings, we are to disregard any conflicting evidence or inferences that may be drawn from such evidence. *Dooley II*, 313 Kan. at 819.

Daily argues that the district court erred by failing to comply with K.S.A. 2017 Supp. 22-3716(c) in revoking her probation. On the other hand, the State argues that the district court was not required to make specific findings and had the discretion to revoke Daily's probation without imposing intermediate sanctions. The State also asserts that intermediate sanctions were unnecessary since Daily's probation was based on a dispositional departure.

Under K.S.A. 2017 Supp. 22-3716(c)(1)(A)-(E), a sentencing court may impose graduated intermediate sanctions on an offender for an established probation violation. Where—as in this case—the district court granted probation because of a dispositional departure, the imposition of intermediate sanctions is not required. K.S.A. 2017 Supp. 22-3716(c)(9)(B). Likewise, the Kansas Supreme Court has found that "the dispositional departure statutory exception does not require particularized findings." *Tafolla*, 315 Kan. at 331. Accordingly, we find that under the circumstances presented, the district court was not required to order intermediate sanctions, nor was it required to make particularized findings.

Turning to the question of whether the district court abused its discretion in revoking Daily's probation and ordering her to serve her original sentence, we note that "[a]t some point, a court must determine whether a person is amenable to treatment and probation." *State v. Dunham*, 58 Kan. App. 2d 519, 530, 472 P.3d 604 (2020). Moreover, unless immediate sanctions are required, a district court has the discretion to revoke an

6

offender's probation no matter how many violations have been committed. 58 Kan. App. 2d at 530.

Here, Daily suggests that the district court erred by predetermining the outcome before the probation revocation hearing. The district court supposedly did so by relying on her conduct after the probationary period had expired to find that she had violated the terms of her probation and by failing to make particularized findings. Before discussing the evidence in the record on appeal, we note that the district court was not required to make particularized rulings. See *Tafolla*, 315 Kan. at 331; K.S.A. 2017 Supp. 22-3716(c)(9)(B).

Turning to the record, we find that it contains substantial evidence to support the district court's findings and conclusions. As discussed above, Daily admitted to all the allegations made against her by the State. So, it is undisputed that she tested positive for methamphetamine on June 23, 2023, failed to notify her probation officer about a change in her employment, and failed to complete substance abuse treatment. We find these facts to be sufficient to support the reasonableness of the district court's decision to revoke Daily's probation.

In addition, on July 27, 2023—which was after Daily's probation expired in two of her cases—she once again admitted to using methamphetamine. Even if we do not consider this admission, we still find that there is substantial competent evidence in the record to support the district court's decision. We also note that at the time her probation was revoked, Daily was still on probation in case No. 18-CR-651.

As the district explained to Daily, "[Y]ou have been given . . . multiple opportunities, but yet you still are offending and using. I told you at the last hearing you were going to go to prison if you kept up with your conduct going forward." Although we do not question Daily's desire to improve her life, our role is not to replace our judgment

7

for that of the district court. Substantial competent evidence within the record establishes that Daily failed—on numerous occasions—to comply with the conditions of her probation. We therefore find that the district court acted within its sound discretion in revoking her probation and in ordering her to serve her original sentence. Furthermore, we find that the district court did not make a mistake of fact or error of law.

In light of the State's concession—that this case should be remanded to the district court to determine Daily's claim for jail time credit—we will not address this issue. Instead, we vacate the district court's journal entry to the extent that it speaks to the question of jail time credit and remand this question to the district court to determine the amount of jail time credit—if any—to which Daily is entitled to receive.

Affirmed in part, vacated in part, and remanded with directions.