NOT DESIGNATED FOR PUBLICATION

No. 128,494

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHERI ANN SPENCER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Submitted without oral argument. Opinion filed October 17, 2025. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., PICKERING and BOLTON FLEMING, JJ.

PER CURIAM: Cheri Spencer appeals the revocation of her probation, arguing that the district court abused its discretion by revoking her probation without first imposing intermediate graduated sanctions under K.S.A. 2022 Supp. 22-3716. Our review of the record reveals that the court properly invoked two exceptions to the graduated sanctions scheme, and this means the revocation of Spencer's probation was not an abuse of discretion. Thus, we affirm.

1

*Spencer failed at probation.*

Convicted of one count of possession of methamphetamines, Cheri Spencer was sentenced to a suspended 11-month prison term with 24 months probation. The court ordered her to complete drug treatment for up to 18 months and complete Recovery Court, a specialty court program in Dickinson County. The terms of Spencer's probation directed her to:

- follow the standard conditions found in K.S.A. 21-6607;
- follow the terms and conditions of the Community Corrections program;
- complete and follow the recommendations of her drug and alcohol evaluation;
- complete a mental health assessment;
- submit to random drug tests;
- not possess or consume drugs or alcohol; and,
- successfully complete Recovery Court.

Spencer's probation struggles started soon after her probation began. About a month after her sentencing, a search of Spencer's car revealed residue of methamphetamine and drug paraphernalia. A month after that, her apartment was searched and police officers found illegal drugs and drug paraphernalia. She often failed to report to her probation officer or comply with the Recovery Court program rules. When she actually did show up to be drug tested, she had multiple tests that were positive for drugs and alcohol usage.

Based on Spencer's failure to report to her probation officer and the new crimes, the State moved to revoke Spencer's probation. At the probation revocation hearing, the court heard evidence and testimony from three witnesses: Jamie Womochil, Spencer's

probation officer, and two police officers that assisted in the search of Spencer's car and apartment—Officer Charleton Huen and Deputy Christopher Cease.

Womochil testified that Spencer failed to comply with several probation and Recovery Court program requirements. These included reporting to Womochil, completing classes, obtaining employment or completing 25 hours of community service per week, calling in to color code to determine whether she would need to take a drug test that day. Womochil testified that there were no other programs or opportunities that could be provided to Spencer on probation. And if she were placed on probation with community corrections rather than Recovery Court, there would be no difference in the terms of Spencer's probation. Womochil concluded her testimony by stating that Spencer was not amenable to probation. She recommended that the district court revoke Spencer's probation and impose her prison sentence.

All three witnesses testified about the two instances in which Spencer's car and apartment were searched. In the search of Spencer's car, which was conducted based on a positive drug test and conducted in the Recovery Court parking lot, officers found a straw that had been cut down and contained a white residue and a decorative light bulb that appeared to be fashioned into a smoking device.

The officers field tested the residue, which yielded a positive result for methamphetamine. In the search of Spencer's apartment which was done based on another positive drug test and as a routine curfew check, officers found a bottle of alcohol; a bag of THC-A in the nightstand drawer; and in the dining room, officers found a straw and a light bulb that resembled the items found in Spencer's car. The pipe fashioned out of the glass light bulb was submitted for testing to the KBI. The State then submitted a KBI lab report of the drug test results and Spencer's probation order into evidence.

Following these arguments, the district court made extensive findings on the record. The court detailed Spencer's many probation violations and found that reinstating probation with sanctions would not serve Spencer's welfare. The court also stated:

> "You would be ordered to report. You haven't reported. You haven't reported during recovery court and more importantly since you've been out of recovery court you haven't reported four out of the six times that you were to report. You don't test. You don't even want to know whether or not you have to test. You call in, you're not calling in. That would be the same probation that you would be on if you were out."

On top of all of this, the court also pointed out that Spencer was over a half hour late to the probation revocation hearing.

Two observations made by the court are significant. The court found that her two new law violations demonstrated that Spencer was not amenable to probation and that reinstating her to probation would not serve Spencer's welfare. The court stated that the evidence and testimony at the hearing—considering Spencer's many previous probation violations, the new law violations, and that there is nothing more that probation could offer Spencer that had not already been offered—all demonstrated that probation would not serve Spencer's welfare.

Therefore, the court revoked Spencer's probation and ordered her to serve the 11-month prison sentence.

The court's journal entry reflects that the district court invoked both an offender welfare finding and a new law violation as exceptions allowing the bypass of graduated sanctions required under K.S.A. 2022 Supp. 22-3716.

The issue before us is simply put: Did the district court abuse its discretion by sending Spencer to prison without first imposing intermediate sanctions? We see no abuse of discretion here.

4

*Well-established legal principles guide our work.*

There is an order of proof involved in this type of question. First, is there a violation of probation? The State must establish by a preponderance of the evidence that the probationer violated the terms of probation—or that the violation is more probably true than not true. See *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). In turn, an appellate court reviews the record to see if substantial competent evidence supports the district court's factual findings that a probation violation occurred. See *State v. Lyon*, 58 Kan. App. 2d 474, 478, 471 P.3d 716 (2020).

If a probation violation is established, the court must then decide what should be done. A district court has discretion to revoke probation, create a new probation plan with different requirements, or impose the original sentence unless the court is otherwise limited by statute. See *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022).

But K.S.A. 2022 Supp. 22-3716 requires graduated sanctions before revocation in certain circumstances. Even so, imposition of such sanctions is not automatic. Once a probation violation *and an exception to the intermediate sanctions requirement are established*, the district court has discretion in determining whether to continue the probation or to revoke and require the defendant to serve the prison sentence. *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015).

To accomplish a waiver of graduated sanctions, a court must make certain findings. Caselaw teaches us that if a district court wishes to bypass intermediate sanctions because the safety of the public will be jeopardized or the welfare of the offender will not be served by imposing sanctions, it must make findings that are "distinct rather than general, with exactitude of detail, especially in description or stated with

5

attention to or concern with details." *State v. Dooley*, 308 Kan. 641, 652, 423 P.3d 469 (2018). Because the statute requires the court to set forth with particularity the reasons for finding this exception applies, "an implicit determination is not enough." 308 Kan. at 652.

To rely on this exception, the district court must expressly explain how the safety of the members of the public will be jeopardized if the offender remains on probation or how the offender's welfare will not be served by imposition of an intermediate sanction. *State v. McFeeters*, 52 Kan. App. 2d 45, 49, 362 P.3d 603 (2015).

*The parties pull us in opposite directions.*

Spencer pulls us in one direction when she makes two arguments: (1) the district court failed to make particular and specific findings on the record that intermediate sanctions would not serve Spencer's welfare; and (2) there was insufficient evidence to prove by a preponderance of the evidence that Spencer committed a new crime.

Pulling us in the opposite direction, the State argues that the district court made an extensive ruling on the record that detailed why probation would not serve Spencer's welfare. And the State contends that the findings were particular and specific to Spencer's case and were supported by the evidence presented at the probation violation hearing. Therefore, in the State's view, the district court did not abuse its discretion by revoking Spencer's probation under the offender welfare finding exception.

On the new law violation finding, the State counters Spencer's arguments by stating that Spencer is asking this Court to reweigh the evidence presented at the hearing. The State argues that it was reasonable to conclude that it is more likely than not that Spencer possessed drug paraphernalia based on the evidence at the hearing. Thus, the

6

State argues that substantial competent evidence supported the district court's finding that Spencer had committed a new law violation.

*Either finding is sufficient to revoke Spencer's probation.*

Under the statute, K.S.A. 2022 Supp. 22-3716(c)(7), the district court had discretion to bypass the graduated sanctions scheme under either the offender welfare or the new law violation exceptions to revoke Spencer's probation. And the district court exercised its discretion by invoking both exceptions.

That statute requires the district court to find and set forth with particularity the reasons for finding that the welfare of the offender will not be served by an intermediate sanction and reinstatement to probation. K.S.A. 2022 Supp. 22-3716(c)(7)(A). For a new law violation, courts have interpreted the statute to require the State to prove by a preponderance of the evidence that the offender committed a new crime. See *State v. Dunham*, 58 Kan. App. 2d 519, 528, 472 P.3d 604 (2020). Once the new crime has been sufficiently shown, the district court may revoke the offender's probation or impose an intermediate sanction. 58 Kan. App. 2d at 528-29. We will look at the offender welfare question first.

*Spencer's welfare*

The court, after taking evidence at the probation revocation hearing, found that Spencer's welfare was not served by reinstating her probation. The court listed Spencer's many probation violations and evidence of her unwillingness to comply with probation. These included her two new law violations resulting in drugs and drug paraphernalia being found in her car and in her apartment, her failure to report to her probation officer, the positive drug tests, failure to call in for color code, failure to submit drug testing, failure to complete recovery court or comply with the program's rules, and her failure to

7

show up on time for her probation revocation hearing—arriving over half an hour late. The court also noted that there was nothing left to offer Spencer that was not already offered. Based on those findings and reasons, the district court found that Spencer's welfare would not be served by reinstating probation. Therefore, the court revoked her probation and imposed her underlying 11-month prison sentence.

The court explained why it believed that Spencer's welfare was not served by probation based on her repeated failures to comply. Simply put, there was nothing further to be done to try to help her rehabilitate herself at this level. The court's findings satisfy K.S.A. 2022 Supp. 22-3716(c)(7)(A) as they are particular and specific to Spencer's case and lay out the reasons for the court's decision. Therefore, the offender welfare finding was not an abuse of discretion as we cannot say that no reasonable person would make the same decision as the district court.

*New law violations*

On this point, the court considered the evidence and testimony of Spencer's probation officer, Jamie Womochil, and two police officers that were present for the search of Spencer's car and apartment. The three witnesses testified that the search of Spencer's car was done based on Spencer's positive drug test, and officers found and field-tested a straw with methamphetamine residue and a light bulb, used for smoking the drug. The search of her apartment was similarly done based on a positive drug test—in addition to a routine curfew check—and officers found a pipe fashioned out of a glass light bulb, a straw, a bottle of alcohol, and a bag of THC-A. Based on the testimony and evidence at the hearing, the district court found that the State proved by a preponderance of the evidence that Spencer had committed a new crime: possession of drug paraphernalia.

8

A new criminal *conviction* is not required to revoke a probation in Kansas; a preponderance of the evidence is sufficient. Proof by a preponderance of the evidence means that it is more probably true than not that the offender violated the terms of probation by committing the new crime. *Lloyd*, 52 Kan. App. 2d at 782. When a district court applies this standard to make factual findings, the reviewing court is limited to determining whether substantial competent evidence supports the district court's findings. *Lyon,* 58 Kan App. 2d at 478. Substantial competent evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support the conclusion. *State v. Smith*, 312 Kan. 876, 887, 482 P.3d 586 (2021).

Here, there is substantial competent evidence supporting the district court's finding that Spencer committed a new crime and therefore violated the terms of her probation. The testimony presented at the hearing established two instances in which Spencer possessed illegal drugs and drug paraphernalia. Therefore, the district court's findings were reasonable, and revoking Spencer's probation under the new law violation exception was not an abuse of discretion.

Proof of both exceptions to that rule is manifest in this record. Thus, there is no abuse of discretion.

Affirmed.

9