NOT DESIGNATED FOR PUBLICATION

No. 129,065

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY J. OTANO,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER MAGANA, judge. Submitted without oral argument. Opinion filed March 27, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before GARDNER, P.J., ARNOLD-BURGER and SCHROEDER, JJ.

PER CURIAM: Anthony J. Otano appeals the district court's revocation of his probation and imposition of his original sentence. We granted Otano's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). In response, the State does not object to summary disposition. After careful review, we affirm the district court.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2022, Otano pleaded guilty to unlawful request for emergency services, a level seven nonperson felony, contrary to K.S.A. 21-6207(a), (b)(3). In September, the

1

district court sentenced Otano to the presumptive sentence of 24 months' probation with an underlying sentence of 27 months' imprisonment.

Otano quickly struggled to follow the conditions of his probation. Four months later, in January 2023, the district court ordered Otano to serve a 3-day jail sanction for marijuana use as evidenced by positive urinalysis results on two days (in October and November 2022) and for failing to follow the recommendations of his mental health evaluation—all three of which were probation violations. In addition to the jail sanction, the district court took Otano off electronic monitoring, placed him into community corrections supervision, and extended his probation 24 months.

In July 2024, the district court ordered Otano to serve another 3-day jail sanction due to new criminal charges of driving under the influence and no proof of insurance and extended his probation for another 24 months.

In December 2024, the district court ordered Otano to serve a 60-day jail sanction for failure to maintain fulltime employment, which was a probation violation. After release from that jail sanction, the district court ordered that Otano be released to a residential treatment center to help with his addiction and that he start outpatient treatment. The district court again extended his probation for 24 months.

In February 2025, the State alleged that Otano had violated the terms of his probation a fourth time—this time for failing to abide by the rules of the residential treatment center. In March 2025, the district court held a hearing at which Otano stipulated to the violation.

Otano requested reinstatement of his probation, noting that he had taken accountability for the violation, had self-reported it, and that his intensive supervised probation officer had recommended reinstatement of his probation. Otano's counsel

2

added that probation should be reinstated because Otano had been largely compliant with his supervision, emphasizing that he had completed his house arrest, evaluations, treatment, and community service, and had paid all his fees and fines.

The district court judge found that Otano's probation could have been revoked previously after he committed new crimes and that Otano would be in a much stronger position to argue for reimposition of probation if this were not his fourth probation violation:

> "I've been more—more than fair with Mr. Otano. This is nowhere close to the jumping the gun on Mr. Otano. But on a fourth [probation violation], I think at this point, we're out of patience, and as far as I'm concerned, we're out of attempts to keep putting the resources towards Mr. Otano."

The district court then revoked Otano's probation and ordered him to serve his original sentence, denying his request for a modified prison sentence.

Otano timely appeals, arguing that the district court abused its discretion by revoking his probation and ordering him to serve his full sentence.

DID THE DISTRICT COURT ERR BY REVOKING OTANO'S PROBATION?

Once a probation violation has been established, the district court's decision to revoke or modify the offender's probation and impose the original sentence is discretionary unless otherwise limited by statute. See *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). We review the propriety of the district court's revocation of probation for an abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A court abuses its discretion if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. 315 Kan.

3

at 328. Otano bears the burden of establishing such abuse of discretion. See 315 Kan. at 328. Otano tacitly asserts that the district court's decision was unreasonable.

A district court must apply the probation revocation structure in effect on the date the probationer committed the crime of conviction. *State v. Dominguez*, 58 Kan. App. 2d 630, 637, 473 P.3d 932 (2020). Otano committed his offense in July of 2021, so K.S.A. 2021 Supp. 22-3716 provides the controlling probation revocation rules.

Generally, before a district may revoke an offender's probation, it must have imposed intermediate sanctions upon the offender. See K.S.A. 2021 Supp. 22-3716(c)(1)(B), (c)(1)(C). Although inapplicable to this case, under certain exceptions the district court may bypass intermediate sanctions and immediately revoke probation. See K.S.A. 2021 Supp. 22-3716(c)(7).

Otano asserts that the district court abused its discretion by ordering him to serve his full prison sentence rather than reinstating his probation after his fourth probation violation and, alternatively, not modifying his prison sentence. But the district court had the legal authority to revoke Otano's probation because he had previously served the required intermediate sanctions. See K.S.A. 2021 Supp. 22-3716(c)(1)(C). Otano points out no legal or factual error.

Otano thus bears the burden to show that "no reasonable person would have taken the court's position." *State v. Dunham*, 58 Kan. App. 2d 519, 529, 472 P.3d 604 (2020). He fails to do so. Although Otano complied with parts of his probation requirements, he struggled for years to follow all the rules of probation. Given his pattern of repeated violations of the terms of his probation, and the ineffectiveness of prior intermediate sanctions and probation modifications, Otano makes no persuasive argument that he would be compliant after his fourth violation.

Otano thus fails to show how the district court's refusal to modify the term of his original prison sentence was unreasonable. Our review of the record reveals no abuse of discretion by the district court in revoking Otano's probation and reinstating his original sentence.

Affirmed.