NOT DESIGNATED FOR PUBLICATION

No. 129,217

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROCKY WILLIAM BURNS II,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sherman District Court; SCOTT SHOWALTER, judge. Submitted without oral argument. Opinion filed May 22, 2026. Reversed and remanded with directions.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before BOLTON FLEMING, P.J., ISHERWOOD and COBLE, JJ.

ISHERWOOD, J.: In February 2024, Rocky William Burns II pleaded guilty to one count each of possession of marijuana with intent to distribute at least 450 grams but less than 30 kilograms and criminal possession of a firearm. The district court granted Burns a dispositional departure to 36 months supervised probation with an underlying term of 130 months imprisonment. The State later moved to revoke Burns' probation on the grounds that he absconded, failed to keep his intensive supervision officer (ISO) informed of his address and phone number, and left the area specified by his ISO.

We granted his motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). In reviewing the record, we find the substance of the district court's ruling is not sufficient to support its conclusion. We

1

recognize that Burns was afforded the benefit of probation by operation of a dispositional departure and that avenue allows for the bypass of intermediate sanctions in the event of a revocation. But that was not the basis for revocation identified by the district court. Rather, the record indicates that the judge relied upon the theory that Burns absconded when he determined that imposition of Burns' prison term was warranted here. For reasons we explain more fully below that decision cannot be permitted to stand.

In a contested probation violation hearing, the State has the burden to establish each alleged probation violation by a preponderance of the evidence. *State v. Dunham*, 58 Kan. App. 2d 519, 528, 472 P.3d 604 (2020). When a case is appealed to this court, we are charged with the responsibility of reviewing an offender's challenge to the revocation of their probation to determine whether the district court abused its discretion in arriving at its decision. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). An abuse of discretion occurs when the court's revocation of an offender's probation is the product of an error of law, an error of fact, or an otherwise unreasonable basis. *State v. Dominguez*, 58 Kan. App. 2d 630, 633, 473 P.3d 932 (2020).

At the probation violation hearing, a Northwest Kansas Community Corrections Probation Officer testified for the State that Burns' supervision was transferred to California. Records available to California authorities indicated that Burns was in compliance with his treatment program until November 4, 2024, but efforts made to contact him through the remainder of that month proved fruitless. A nationwide warrant was ultimately issued for Burns on December 2, 2024, and he was listed as an absconder. Authorities in Kansas eventually learned of Burns' whereabouts when they were contacted by a different California treatment facility near the end of January 2025 inquiring how to resolve Burns' warrant.

Burns first countered the State's evidence with testimony from a counselor at the Lincoln Heights treatment facility he entered during the first week of January 2025.

According to the counselor, Burns spent his first 10 days with their facility in the detox program and was then transferred to their residential treatment center. The counselor informed the court that the residential segment required weekly urinalysis testing and Burns did not submit any positive tests during his stay. The facility also provided mental health treatment, as well as a variety of specialty groups, to address specific needs their patients might have. The counselor explained that Burns remained a resident with them until Kansas authorities declined his request to continue with the treatment program and required that he return to Kansas to answer to the warrant. Burns then voluntarily turned himself in at the Los Angeles Police Department.

Burns testified on his own behalf that he resided in a treatment facility after his supervision was transferred to California and thrived in that program until he was derailed by a relapse and was asked to leave the facility. According to Burns, he was forced to remain a street dweller for a while thereafter because his transparency concerning his legal issues caused several other treatment facilities to deny him admission to their programs. An opportunity finally arose with the Lincoln Heights facility, and he found success with their program until the issue with his warrant required him to return to Kansas.

Following the close of evidence, the State argued that the testimony of the Community Corrections Officer established that Burns absconded thus, it was their position that Burns' probation should be revoked and his underlying prison sentence imposed. Counsel for Burns acknowledged the complications that arose from Burns' addiction but in an effort to illustrate the reasonableness of Burns' request for reinstatement of probation, his attorney also attempted to focus the district court's attention on the positive strides Burns made while participating in a treatment program.

The district court specifically requested the corrections officer's opinion as to the appropriate disposition and the officer joined in the State's recommendation for

imposition of Burns' underlying sentence. The officer explained that "the crux" of his position was that Burns relapsed and "took off from his treatment place" and "was an absconder until he reappeared in June." We would note that Burns' whereabouts actually became known to authorities when he contacted them in January, not June.

The judge concluded that imposition of Burns' prison term was the appropriate disposition under the circumstances and offered the following explanation as support for his conclusion:

> "THE COURT: Okay, Mr. Burns, you may very well have turned the corner. Maybe you have figured it out, and I hope for everyone's sake that you have. But the bottom line is you were given an incredible gift back in April of last year. The presumption was disposition was to be prison. At that point the standard is you are going to jail, and society requests or requires you to meet those requirements and that's why the recommendation came down the way it did. Now you may very well have gotten a good plea bargain, I don't doubt that you did, but the bottom line is maybe I should have made it clearer to you, but that was your gift and it's not one to be treated lightly because you're not given many of them and you're not giving him one today. As you've probably seen from the testimony today, I consider and I know [your attorney] has advised you, I consider the position of Community Corrections to be highly professional. They are the people who advise me as to what needs to be done and quite honestly, they have a difficult job to do. The vast majority of time I'm probably more severe than they are. I'm not sure that I would be in this case, but I have no reason to doubt their position. It was reasonably clear this has not been a long term. This is March of or April of last year when you were sentenced. Evidently you were starting down the unfortunate path in September in which you blew it in November, and you went through a 3-week treatment plan which maybe you've got it figured out; and if you did, great. If you didn't, I guess that will be up for you to decide. Department of Corrections will be in charge of where you go and what you do for the next few years. Prepare an order. Revocation is granted. We're done."

We can glean from the judge's remarks that he was of the opinion, and perhaps rightfully so, that Burns received a tremendous benefit when the dispositional departure

4

was granted but that he ultimately squandered that opportunity. It can also be extrapolated from his stated faith and trust in community corrections and acknowledgment that they "advise [him] as to what needs to be done," that the judge adopted the officer's position that Burns was an absconder. This conclusion is reinforced by the district court's journal entry that reflects the judge selected the box indicating that it revoked Burns' probation under K.S.A. 22-3716(c)(7) because Burns absconded. Notably, it did not mark the box that it revoked under that statute because Burns' probation was the product of a dispositional departure.

The problem with the pathway we took to arrive at this conclusion is it requires reliance on implicit findings from the district court coupled with some measure of supposition, neither of which are sufficient to undergird a finding that an offender absconded. *State v. Dooley*, 308 Kan. 641, 654-55, 423 P.3d 469 (2018). Even if we were to conclude that the procedural ambiguity did not exist and the basis for the district court's imposition of the underlying sentence was clear, a significant question remains with respect to the adequacy of any factual findings made to sustain the determination that Burns absconded. In short, there were none. The Kansas Supreme Court, as well as this court, have made clear that merely alleging an offender is an absconder falls short of what is required and moreover, an offender must do more than fail to report in order to meet the absconder classification. *Dooley*, 308 Kan. at 655-56; *State v. Raiburn*, 289 Kan. 319, 331-33, 212 P.3d 1029 (2009); *State v. Huckey*, 51 Kan. App. 2d 451, 455, 348 P.3d 997 (2015).

The Kansas Supreme Court has clarified that to establish that an offender absconded, it must be shown that "a violator's actions demonstrate an intent to evade probation supervision because the probationer hid or secretly left the jurisdiction or because a pattern of violations permits the inference that the probationer is intentionally evading the legal process, then the probationer has absconded from supervision." *State v. Dooley*, 313 Kan. 815, Syl. ¶ 2, 491 P.3d 1250 (2021).

5

The evidence in the record before us arguably reflects the opposite to be true here. Burns was off his supervisor's radar for only a brief period, mid-November 2024 through the first week of January 2025, or less than two months. See *State v. Granados*, No. 123,069, 2021 WL 4128247, at *6 (Kan. App. 2021) (unpublished opinion) (failure to remain in touch with his ISO for more than four months did not meet the definition of absconding); see also *Huckey*, 51 Kan. App. 2d at 456 (allegation that probationer failed to report to probation officer for two months does not constitute absconding). Additionally, according to Burns, during that time he was transparent about his legal issues, which we take to mean either his probationary status, the existence of the warrant, or both, to each of the treatment facilities he attempted to enter—such that it erected a hurdle to his ability to obtain treatment. Thus, his behavior was not reflective of an intent to flee or conceal himself or "deliberately act[] to avoid arrest, prosecution, or service of process." *Huckey*, 51 Kan. App. 2d at 458.

Accordingly, we find that Burns' case must be reversed and remanded to allow the district court to make further findings concerning the revocation of Burns' probation and the imposition of his underlying prison term. The district court is directed to either impose an intermediate sanction, as authorized by K.S.A. 22-3716(c)(1)(B) or (c)(1)(C), or to make the necessary findings, that are supported by substantial competent evidence, to invoke the bypass provision of K.S.A. 22-3716(c)(7)(D), that Burns absconded from supervision, if that remains the justification it intends to rely on.

Reversed and remanded with directions.